[Crim. No. 1013.  First Appellate District, Division One.—September 7,
1921.]

In the Matter of the Application of FLEET E. THOMP-
SON for a Writ of Habeas Corpus.

[1] PRISONS—DISCHARGE OF CONVICT—CREDITS—HABEAS CORPUS—IN-
  SUFFICIENT PETITION.—An inmate of the state prison is not en-
  titled to his discharge on *habeas corpus* on the ground that the
  term of his imprisonment has expired by reason of credits earned
  and not forfeited, where it is not shown by the petition that the
  board of prison directors by any act on its part has accorded
  the petitioner any credits for good conduct, or if any have been
  given, that they have not been declared forfeited.

APPLICATION for a Writ of Habeas Corpus to obtain
release from state prison. Denied.

  The facts are stated in the opinion of the court.

  Fleet E. Thompson, *in pro. per.*, for Petitioner.

  THE COURT.—In the verified petition for a writ of
*habeas corpus,* filed in this matter, it is alleged that the
petitioner is unlawfully held in custody by the warden of
the state prison at San Quentin, after the expiration of the
time when, with the allowance of credits earned, his term
of imprisonment expired. His allegation is that he has
"earned" all the credits provided for by the rules regu-
54 Cal. App.—12

lating the government of prisoners at the prison, and that none have been forfeited.

The petitioner's contention is based upon an erroneous theory of the present law governing such matters. Formerly a prisoner in one of the state's penal institutions was entitled, as of right, to certain fixed credits earned by good behavior while under restraint. By the enactment of the indeterminate sentence law, which went into effect July 27, 1917 (Stats. 1917, p. 665), the legislature did away with the plan theretofore in force by which these credits for good behavior were given. (*In re Lee*, 177 Cal. 690, 695, [171 Pac. 958].) Following the decision of the supreme court in the Lee case, the state board of prison directors adopted a comprehensive system under which, as we understand it, the matter of the good behavior of a prisoner, and the recognition to be given to such conduct, becomes a matter of consideration and affirmative action by the board in each particular case.

[1] The petitioner was received at the prison February 15, 1919. Thereafter, according to his petition, the board of prison directors fixed his term at three years from and after the date on which he was received by the warden and provided there should be deducted from the time of his confinement the aggregate of all credits provided by the board, which the prisoner should have earned and not forfeited. He alleges he has earned certain credits which have not been forfeited. But under the decision in the Lee case, and according to the rules and usage in vogue at the prison, as we understand them, the allegations are not sufficient. It is not made to appear that the board of prison directors, by any act on its part, has accorded the petitioner any credits for good conduct, or, if any have been given, that they may not have been declared forfeited by the board. In view of the fact that petitioner was released on parole, which was later revoked by the board, and the prisoner only recently returned to the prison, we may safely infer that he is a "parole violator," who has lost the good standing, if any, he may have previously attained.

The application for the writ is denied.