[Crim. No. 1041. First Appellate District, Division Two.—January 24, 1922.]

In the Matter of the Application of JOSEPH PIANTANIDO for a Writ of Habeas Corpus.

[1] PRISONS—CREDITS FOR GOOD BEHAVIOR—MATTER FOR DETERMINATION OF BOARD OF DIRECTORS—INDETERMINATE SENTENCE LAW.— Under the indeterminate sentence law, the matter of the good behavior of a prisoner and the recognition to be given to such conduct becomes a matter of consideration and affirmative action by the prison board in each particular case.

[2] ID.—HABEAS CORPUS—ALLEGED ILLEGAL FORFEITURE OF CREDITS— INSUFFICIENT PETITION.—A petition by an inmate of the state prison for a writ of habeas corpus, based upon the ground that by virtue of credits earned he was entitled to his discharge, and that he was not given due or any notice of the action of the board of prison directors in forfeiting his credits, nor any opportunity to be heard upon that matter, is defective, where it does not appear therefrom that the board by any act ever accorded the petitioner any credits whatsoever for good conduct.

APPLICATION for a Writ of Habeas Corpus to obtain release from state prison. Denied.

The facts are stated in the opinion of the court.

Joseph Piantanido, in pro. per., for Petitioner.

LANGDON, P. J.—This matter comes before us upon a petition for a writ of habeas corpus. Petitioner alleges

that on January 26, 1918, he was sentenced by the superior court, in and for the city and county of San Francisco, under the indeterminate sentence law, and in accordance therewith was committed to the state prison at San Quentin; that, on February 15, 1919, the board of prison directors, acting in conformity with the provisions of the law, exercised the discretion vested in it and fixed his term of confinement at five years. It is then alleged that by virtue of "credits earned by him," the petitioner was entitled to be discharged after three years and seven months confinement, or upon August 28, 1921; that upon such date he was not released and, upon inquiry, ascertained that his credits had been forfeited for failure to obey the rules of the prison. Petitioner's allegation, relied upon for the issuance of the writ, is that he was not given due or any notice of the action of the board of prison directors in forfeiting his credits, nor any opportunity to be heard upon that matter.

The point urged is squarely met in the decision of division one of this court in *In re Thompson*, 54 Cal. App. 177 [201 Pac. 473]. **[1]** It is there pointed out that such a contention is based upon an erroneous theory of the present law governing this subject; that by the enactment of the indeterminate sentence law (Stats. 1917, p. 665), the legislature did away with the plan theretofore in force by which credits for good behavior were given, and that under the indeterminate sentence law the matter of the good behavior of a prisoner and the recognition to be given to such conduct becomes a matter of consideration and affirmative action by the prison board in each particular case.

**[2]** Under this view of the law the petition before us is defective in the same respect as was the petition in *In re Thompson, supra*, in that it does not appear therefrom that the prison board by any act ever accorded the petitioner any credits whatsoever for good conduct, and under the allegations of his petition the prisoner is not entitled to his discharge until the expiration of his five years' sentence.

The petition is denied.

Nourse, J., and Sturtevant, J., concurred.