[Crim. No. 2610. In Bank.—September 28, 1923.]

## In re JOHN BOGDEN on Habeas Corpus.

[1] CRIMINAL LAW — SENTENCE — COMMUTATION — CONSTRUCTION. — Where a prisoner, under a fourteen-year sentence in the state prison, was sentenced as a penalty for an escape to an additional four-year term to follow the first, with forfeiture of credits, and the Governor commuted the two sentences to a single term of ten years, including time served, amounting to eight years, five months, and fourteen days, it was the intent of the Governor that petitioner should serve one year, seven months, and sixteen days, subject to the right of the prison board to parole him during that period.

APPLICATION for a Writ of Habeas Corpus to release the petitioner from the state prison.　Writ denied.

The facts are stated in the opinion of the court.

John Bogden, *in pro. per.*, for Petitioner.

THE COURT.—John Bogden applies for a writ · of *habeas corpus* for release from imprisonment in the state penitentiary at Folsom.　On July 6, 1914, he was sentenced to serve fourteen years in that prison, and on May 26, 1915, because of an escape therefrom, he was sentenced to a term of four years, the term to begin at the expiration of the term already serving; thus, without any credits, his term expires July 6, 1932.

As a penalty for his escape in 1914, the prison directors forfeited all credits which he might earn under his fourteen-year sentence, amounting to five years and two months.

Partly because of this double penalty imposed for his escape, in the loss of credits amounting to five years and two months and also the amount of sentence of four years imposed by the superior court of Marin County, and because of the record of petitioner in the United States army during the Spanish-American war and his good conduct subsequent to his escape, the Governor of the state, with the concurrence of the justices of the supreme court, commuted the two sentences to a single term of ten years.

After reciting the fact hereinabove stated the commutation of sentence issued by the Governor concludes as follows: "Now therefore, I, Wm. D. Stephens, Governor of California, do hereby commute the two sentences of the said John Bogden to a single term of ten years including time served." This commutation occurred on the 20th of December, 1922.

The petitioner contends that he is entitled to credits either on the first term of fourteen years or upon the unexpired portion of that term plus credits for good conduct under the four-year term, and claims that thereby his sentence has been so reduced that it has already expired.

[1] The question depends upon the construction of the pardon issued by the Governor and its relation to the statute allowing credits for good conduct. At the time of the commutation of sentence the prisoner had served eight years, five months, and fourteen days. If the commutation is to be considered without involving the question of credits for good conduct it would follow that it should be interpreted as requiring the prisoner to serve the balance of the ten-year term, to wit, one year, seven months, and sixteen days. This period would expire July 6, 1924. If we assume, without deciding, that the petitioner is entitled to the statutory credits for good conduct upon this term of one year, seven months, and sixteen days, his sentence has not yet expired.

It is clear, we think, that the intent of the Governor was that the petitioner was to serve one year, seven months, and sixteen days, subject, of course, to the right of the board of prison directors to exercise their prerogative of parole during that period.

Petition denied.

All the Justices concurred.