[Crim. No. 2611. In Bank.—October 1, 1923.]

In re Application of FRANK MANN for Writ of Habeas Corpus.

[1] CRIMINAL LAW — SENTENCE — CONSTRUCTION — BOARD OF PRISON DIRECTORS—JURISDICTION.—The effect of a judgment of a superior court imprisoning a defendant for the crime of burglary in the second degree and for receiving stolen property of the value of over seven thousand dollars for the term provided by law for each offense, the sentences to run concurrently, was that the defendant was sentenced for the maximum term fixed by law for each offense; that is to say, for five years for each offense (Pen. Code, secs. 461, 496), and as the sentences were to run concurrently, by the judgment of the trial court, the maximum term of imprisonment was five years, which maximum term fixed the limit of the jurisdiction of the state board of prison directors and could not be increased by them.

[2] ID.—BOARD OF PRISON DIRECTORS—USE OF TERM "CONSECUTIVELY." The use of the term "consecutively" by the state board of prison directors in fixing the two terms in question merely means that the total term is ten years, and if the maximum for either offense exceeded ten years the board would be acting within its jurisdiction in fixing the term at ten years.

[3] ID.—CREDITS NOT ALLOWABLE AS MATTER OF RIGHT.—A prisoner is not entitled as of right to the statutory credits fixed by section 1588 of the Penal Code, whatever may be the practice of the state board of prison directors in allowing such credits.

APPLICATION for Writ of Habeas Corpus to secure release from state prison. Writ denied.

The facts are stated in the opinion of the court.

F. F. Mann, *in pro. per.*

WILBUR, C. J.—The petitioner was sentenced for the crime of burglary in the second degree and for receiving stolen property of the value of over seven thousand dollars. Sentence was imposed June 3, 1920, to the effect that the petitioner be imprisoned for the term provided by law for each offense, the sentences to run concurrently. He alleges that the state board of prison directors fixed the term of his imprisonment at five years for each offense, the sentences to

run consecutively. He claims that the state board had no jurisdiction to make the sentences run "consecutively," and that therefore the entire term of his imprisonment should be five years, and that the term of five years has been reduced by credits allowed by law as "Regular Good Conduct Prison Credits" of one year five months, and a further credit of 147 days for work done by him on the highways of the state.

[1] The effect of the judgment by the court was that the petitioner was sentenced for the maximum term fixed by law for each offense; that is to say, for five years for each offense (Pen. Code, secs. 461, 496), and as the sentences were to run concurrently, by the judgment of the trial court, the maximum term of imprisonment was five years. This maximum term fixes the limit of the jurisdiction of the state board, and it could not be increased by them beyond this term of five years. Let it be noted that we are not dealing with a case where the maximum term for either offense exceeds the term fixed by the state board, for the effect of the decision of the state board as alleged by the petitioner is that he is to be imprisoned a maximum of ten years. [2] The use of the term "consecutively" in fixing the two terms merely means that the total term is ten years, and if the maximum for either offense exceeded ten years the board would be acting within its jurisdiction in fixing the term at ten years.

[3] The petitioner, however, is not entitled as of right to the statutory credits fixed by section 1588 of the Penal Code, whatever may be the practice of the state board of prison directors in allowing such credits. It was for this reason that we held section 1168 of the Penal Code, as adopted in 1917, an *ex post facto* law, as to offenses committed before that date, in *In re Lee,* 177 Cal. 690, 695 [171 Pac. 958]; that is to say, because it substituted the discretion of the state board of prison directors for an absolute statutory right, thus making what had been before a right now a matter of grace.

Inasmuch as the petitioner is not entitled, *as of right,* to the credit of one year and five months claimed by him, his petition must be denied.

Writ denied.

Richards, J., *pro tem.,* Waste, J., Myers, J., Kerrigan, J., Lawlor, J., and Seawell, J., concurred.