[Crim. No. 2644.  In Bank.—January 10, 1924.]

## In re JOHN BOGDEN on Habeas Corpus.

[1] CRIMINAL LAW—TERM OF IMPRISONMENT—CREDITS—HABEAS COR-
PUS—PETITION.—Since 1917 credits for good conduct of a prisoner
are not allowed as a matter of right, and if, under a rule of the
board of prison directors, a prisoner is entitled to credits, by
which his term would have expired, and if such credits have been
in fact allowed him, a petition for a writ of *habeas corpus* to
procure his discharge should aver the facts in this regard.

APPLICATION for a Writ of Habeas Corpus to procure
the discharge of a prisoner from the state prison. Writ
denied.

The facts are stated in the opinion of the court.

John Bogden, *in pro per.*, for Petitioner.

THE COURT.—The petitioner seeks relief on a writ of
*habeas corpus*. The facts in connection with his sentence
and imprisonment are stated in the opinion heretofore ren-
dered by this court (*In re Bogden*, 192 Cal. 163 [218 Pac.
1017]). We there held that the effect of the Governor's
pardon was that the prisoner should serve the balance of
the ten-year term expiring July 6, 1924. He now claims that
by reason of good conduct the period has been so far de-
creased that he is now entitled to release. [1] We have
heretofore held that since 1917 credits for good conduct are
not allowed as a matter of right (*In re Mann*, 192 Cal. 165
[219 Pac. 71]). The petitioner is not entitled to a dis-
charge as a matter of right, and if, under a rule of the board
of prison directors, he is entitled to credits, and if such
credits have been in fact allowed him, the petition should
aver the facts in that regard.

Petition denied.

Rehearing denied.