[No. 20752.    Department One.    December 2, 1927.]

THE STATE OF WASHINGTON, *on the Relation of John F.
McCoske, Plaintiff,* v. R. M. KINNEAR *et al.,
Respondents.*[1]

[1] STATUTES (40)—REPEAL—EXPRESS REPEAL—GENERAL REPEAL OF
INCONSISTENT ACTS AND PROVISIONS. Rem. Comp. Stat., § 10223,
providing credits for good conduct, shortening the term of im-
prisonment of convicts, was repealed by the criminal code, en-
titled an act relating to "crimes and punishments," providing
for indeterminate sentences and paroles, inconsistent with the
good conduct law, and by Id., § 2301, repealing, in all cases
provided for in the code, all statutes, laws and rules thereto-
fore in force, unless expressly continued in force.

[2] CRIMINAL LAW (371)—SENTENCE—WHEN BEGINS TO RUN. The
term of a sentence is fixed, irrespective of the term when a
convict enters the institution, by Rem. Comp. Stat., § 1746, ex-
pressly providing that sentence upon conviction of a felony
shall commence to run from the date of imposition where no
appeal is taken, and from the date upon which the remittitur
is filed if an appeal is taken.

Application filed in the supreme court July 18, 1927,
for a writ of certiorari to review proceedings of the
parole board in refusing an allowance of good conduct
credits on a minimum sentence to the state peniten-
tiary. Denied.

*Hayden, Langhorne & Metzger,* for relator.

*The Attorney General* and *E. W. Anderson, Assist-
ant,* for respondents.

FRENCH, J.—This is an application for a writ of
certiorari by which petitioner, a prisoner in the state
penitentiary, seeks to review the action of the parole
board in its refusal to allow good conduct credits on
his minimum sentence, thus making him eligible for
parole before the full term of his minimum sentence
has been served.

¹Reported in 261 Pac. 795.

The good conduct credits to persons in the state penitentiary are granted by reason of the legislative act found in ch. 29, Laws of 1887-8, p. 55, and afterwards reenacted in ch. 147, p. 353, Laws of 1891, the same being § 10223, Rem. Comp. Stat., which provides:

"The board of control shall require of every able bodied convict confined in the penitentiary as many hours of faithful labor in each and every day during his term of imprisonment as shall be prescribed by the rules and regulations of the penitentiary. Every convict who shall have no refraction of rules and regulations of the penitentiary or laws of the state recorded against him, and who performs in a faithful, orderly and peaceful manner the duties assigned to him, shall be allowed from his term, instead of and in lieu of the credits heretofore allowed by law, a deduction of two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of his term, and pro rata for any part of the year where the sentence is for more or less than a year. Each convict shall be entitled to these deductions unless the board of directors shall find that for misconduct or other cause he should not receive them. But if any convict shall commit any assault upon his keeper or any foreman, officer, convict or person, or otherwise endanger life, or shall be guilty of any flagrant disregard of the rules of the penitentiary, or commit any misdemeanor, or in any manner violate any rules and regulations of the penitentiary he shall forfeit all deductions of time earned by him, for good conduct before the commission of such offense, or that, under this section, he may earn in the future, or shall forfeit such part of such deductions as to the board of directors may seem just; such forfeiture, however, shall be made only by the board after due proof of the offense and notice to the offender, nor shall any forfeiture be imposed when a party has violated any rule or rules without violence or evil intent, of which the board shall be the sole judges. The board shall have power to restore credits forfeited, for such reasons as to them may seem proper."

[1] The first question to be determined is whether or not this section above quoted has been repealed by the enactment of our criminal code, the same being ch. 249, Laws of 1909, 890. Good conduct statutes, such as ours, have been held by the courts of Indiana and California to have been impliedly repealed by the enactment of indeterminate sentence laws. *Davis v. State,* 152 Ind. 34, 51 N. E. 928; *McCoy v. Reid,* 172 Ind. 182, 87 N. E. 1086; *In re Fisk's Estate,* 182 Cal. 238, 187 Pac. 958; *Ex parte Thompson,* 54 Cal. App. 177, 201 Pac. 473; *Ex parte Piantanido,* 56 Cal. App. 259, 205 Pac. 17.

It is true that, in some of the cases above cited, the holding may not have been necessary for a proper determination of the case, but the reasoning contained in these cases is very persuasive. In the *McCoy* case, *supra,* the court said:

"We, however, are fully confirmed that the statute of 1883, was repealed or superseded by the indeterminate sentence law of 1897 herein involved. The provisions of the former act do not fit into those presented by the latter for dealing with the discipline, management, parole, and final liberation or discharge of prisoners confined thereunder in the Indiana State Prison. An examination of the provisions of the good time statute *supra,* and those of the indeterminate act in question, will fully reveal the inconsistencies of the one with the other, and the inapplicability of the former to the provisions of the latter. The two statutes cannot stand together, and under their provisions operate consistently or in unison in the same case. *Murphy v. Commonwealth,* 172 Mass. 264, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. 266; *State v. Tyree,* 70 Kan. 203, 78 Pac. 525; 3 Am. & Eng. Ann. Cas., 1020; *In re Campbell,* 138 Mich. 597, 101 N. W. 826."

In construing our criminal code, this court in *State v. George,* 84 Wash. 113, 146 Pac. 378, said:

"The words 'relating to crimes and punishments, and the rights and custody of the person accused or

convicted of crime' are broad enough to indicate a legislative intent to cover the entire subject of crimes and procedure. Under the words 'relating to crimes and punishment,' there can be no doubt of the right of the legislature to define crimes and fix punishments, and the words 'relating to . . . the right . . . of persons accused . . . of crime,' are likewise sufficient to sustain provisions defining the rights and privileges of persons accused of crime and the procedure to be followed in determining such rights and privileges."

Section 49 of our criminal code, the same being § 2301, Rem. Comp. Stat., provides:

"No statute, law or rule is continued in force because it is consistent with the provisions of this act on the same subject; but in all cases provided for by this act, all statutes, laws and rules heretofore in force in this state, whether consistent or not with the provisions of this act, unless expressly continued in force by it, are repealed and abrogated."

We think there can be no question but what it was the intention of the legislature, in enacting our criminal code, to fully cover the entire subject and to expressly repeal the good-conduct statute above quoted. If it be thought that the good-conduct statute is not expressly repealed, then

". . . repeals by implication are not favored, but are freely admitted where it appears that the legislature intended to cover an entire subject of legislation." *State v. George, supra.*

We therefore hold that § 10223, *supra,* above quoted, has been repealed by the enactment of our criminal code.

[2] It has also been suggested in this case that there is some uncertainty as to when a sentence begins to run. Rem. Comp. Stat., § 1746 provides:

"In the event no appeal be taken from the judgment of conviction of a felony, the term of sentence imposed

upon such judgment shall commence to run from the date of the imposition thereof. In the event an appeal be taken from such judgment of conviction, and upon such appeal the judgment be affirmed, the term of sentence shall commence to run from the date upon which the remittitur shall be filed in the lower court.''

. Two dates are sufficiently fixed by this act: first, where no appeal is taken, the term of sentence begins to run from the date of the imposition thereof; second, where an appeal has been taken, the term of sentence commences to run from the date upon which the remittitur shall be filed in the court pronouncing sentence.

This section is plain and unambiguous, and a prisoner becomes eligible for parole, upon the expiration of his full minimum sentence, from the date fixed in accordance with this statute, regardless of when he may actually enter the institution.

Writ denied.

PARKER, HOLCOMB, TOLMAN, and MAIN, JJ., concur.