[S. F. No. 13526.   In Bank.—October 5, 1929.]

DEMETREOUS PARESES, Petitioner, v. CALIFORNIA STATE BOARD OF PRISON DIRECTORS ·et al., Respondents.

Demetreous Pareses, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and Emory F. Mitchell, Deputy Attorney-General, for Respondents.

WASTE, C. J.—Petitioner, claiming to have been incarcerated in the state's prison for the minimum term prescribed by law for the crime of second degree murder, for the commission of which offense he was duly tried and convicted, seeks by this proceeding in *mandamus* to compel the respondent Board of Prison Directors to determine, as contemplated by section 1168 of the Penal Code, what length of time, if any, in excess of such minimum term he shall be so confined.

At the time of petitioner's conviction and sentence, section 190 of the Penal Code fixed the punishment for second degree murder at "not less than ten years." In 1927 (Stats. 1927, p. 1952) this section was amended to read, in part, that "every person guilty of murder in the second degree is punishable by imprisonment in the state prison from five

years to life; provided, however, this section is to apply to all persons now serving sentence in a state prison for murder of the second degree and the sentence of such persons may be modified or reduced to conform to this section . . . '' Claiming to have been confined for a period of approximately five years and eight months, and citing this recently enacted amendment to section 190, *supra*, as authority for his contention, the petitioner urges that it is now the duty of the respondent board to definitely fix and determine the length of time he is to be confined. The principal argument advanced by the attorney-general in opposition to this claim is that the quoted portion of the 1927 amendment to section 190 is violative of article VII, section 1, of the Constitution, as ''an attempted usurpation by the legislature of the constitutional prerogative of the governor to grant reprieves, pardons and commutations of sentence after conviction.''

The conclusion we have reached makes it unnecessary that we determine the constitutional question thus raised, for, even if the validity of the amendment to section 190 were to be assumed, a point which we do not now decide, the petitioner would not be entitled to the relief here sought. To explain: If the legislature at its 1927 session could constitutionally amend section 190 so as to reduce the minimum term of imprisonment to be served by certain persons already legally confined in the state's prison, it could equally as well amend section 1168, *supra*, as it in fact did (Stats. 1927, p. 1491), so as to provide that the minimum term to be served by ''a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense or a concealed weapon at the time of his arrest'' shall be seven years, ''notwithstanding any other provision of this code or any provision of law specifying a lesser sentence.'' In our opinion, this amendment to section 1168, and particularly that portion thereof last above quoted, served to qualify and restrict the application of the provisions of the amended section 190, for it is settled that the codes and the several sections thereof must be read together and so construed as to give effect, when possible, to all the provisions thereof. Petitioner freely admits that he employed a deadly weapon in the commission of the offense of which he stands convicted. If the 1927 amendment to section 190 is constitutional in so far as it purports to reduce

the minimum term to be served by persons incarcerated at the time of its enactment, so must be the amendment to section 1168, which qualifies and restricts its provisions, and petitioner not having served the minimum term prescribed by the latter section is not now in a position to compel the respondent board to act in the manner prayed. ■ Petitioner attempts to avoid this conclusion by contending that even if the seven-year period prescribed by section 1168 be taken as the minimum term applicable to his offense, he has fully satisfied the same, "inasmuch as he has been confined for five years and eight months in actual time, this term [having] earned for him in credits, well over two years, which brings his total time of servitude to approximately eight years. . . . " This contention is without merit, for it is based upon the erroneous theory that a prisoner in one of the state's penal institutions is entitled, as of right, to certain fixed credits earned by good behavior while under restraint. Since the enactment of the Indeterminate Sentence Law (Stats. 1917, p. 665), the "recognition to be given to such conduct becomes a matter of consideration and affirmative action by the board [of prison directors] in each particular case." (*In re Thompson*, 54 Cal. App. 177, 178 [201 Pac. 473].) ■ The allegation that petitioner is entitled to certain credits for good behavior is insufficient. It must be made to appear that the Board of Prison Directors by affirmative act has accorded petitioner those credits and that they have not been declared forfeited by said board. (*In re Thompson, supra; In re Piantanido*, 56 Cal. App. 259, 260 [205 Pac. 17] ; *In re Mann*, 192 Cal. 165, 166 [219 Pac. 71].)

The alternative writ is discharged, and the application for a peremptory writ is denied.

Seawell, J., Richards, J., Curtis, J., Preston, J., and Langdon, J., concurred.