[Crim. No. 1126. Third Appellate District.—May 23, 1930.]

In the Matter of the Application of F. V. DANIELS for a Writ of Habeas Corpus.

44 .

Lawrence J. Skirving for Petitioner.

No appearance for Respondent.

THE COURT.—The petition of F. V. Daniels for the issuance of a writ of *habeas corpus* by this court sets forth the following:

That on the twenty-fourth day of June, 1925, the petitioner was sentenced by the Superior Court in and for the County of Los Angeles, to the state prison, for the crime of receiving stolen goods; that on the twenty-seventh day of June, 1925, the petitioner was received at the state prison at San Quentin; that on the eighth day of January, 1926, the petitioner's sentence was fixed at five years; that the credits which the petitioner earned upon said five-year sentence amounted to one year and five months; that the petitioner's term, therefore, would expire in three years and seven months, to wit, on January 28, 1929. The petitioner further sets forth that on the thirty-first day of January, 1928, petitioner was admitted to parole; that on the twenty-third day of October, 1928, petitioner was arrested in the county of Los Angeles, state of California, and sentenced to the county jail in the county of Los Angeles; that this sentence expired on the thirteenth day of May, 1929; that on the seventh day of November, 1928, the petitioner's parole was suspended; that on the fourteenth day of May, 1929, petitioner was returned to the state prison at Folsom, and is confined therein; that on the eighteenth day of May, 1929, the board of state prison directors attempted to forfeit all credits earned by the said petitioner, and that before said date, namely, on the twenty-eighth day of January, 1929, the petitioner's term had expired. Wherefore, the petitioner asks that a. writ may be issued herein, a hearing had, and the petitioner restored to his liberty.

■ The petitioner's application herein is based upon and proceeds upon the theory that the credits which may be allowed on a prisoner's term for good behavior, attach, are operative and limit the term of imprisonment theretofore imposed upon a prisoner, irrespective of any action of the board of prison directors in allowing such credits. No allegation is. contained in the petition before us setting forth that any action has ever been taken by the board of prison directors relative to the allowance of credits, and, therefore, we cannot assume that any such action has ever been taken. As we read the decisions, the Indeterminate Sentence Law and the act of the legislature relative to credits, such credits are not now operative unless some affirmative action has been taken by the board of prison directors. It is, in our opinion, insufficient to allege simply that credits have been earned.

■ Beginning with the case of *In re Lee,* 177 Cal. 690 [171 Pac. 958], a sentence under the indeterminate law is held to be, in legal effect, a sentence for the maximum term authorized by the Penal Code, and that the fixing of the actual term of imprisonment or confinement by the board of prison directors is a limitation of that term.

■ Section 1168 of the Penal Code now provides, in express language, that credits shall not be allowed until the procedure therein specified has been followed leading up to the adoption of an order or resolution by the board of prison directors, awarding the same. While this section, as amended in this particular, did not become effective until after the petitioner in this case had been sentenced for the period of five years, and after the period at which he claims he was entitled to be discharged, as set forth in his petition, the act of the legislature in amending section 1168 of the Penal Code in 1929 (Stats. 1929, p. 1930), only put into section 1168, in express words, the law as previously declared by the appellate courts.

In the case of *In re Thompson,* 54 Cal. App. 177 [201 Pac. 473], the law relative to the allowance of credits prior to the amending of section 1168 of the Penal Code is thus stated (we quote from the syllabus) : "An inmate of the state prison is not entitled to his discharge on *habeas corpus* on the ground that the term of his imprisonment has expired by reason of credits earned and not forfeited, where it is not shown by the petition that the board of prison directors, by

any act on its part, has accorded the petitioner any credits for good conduct, or if any have been given, that they have not been declared forfeited.''

The fact that the petitioner was outside the walls of the state prison on parole has no bearing whatever upon the power of the board of prison directors to act in his case. Even though outside the prison walls, in contemplation of law the petitioner was still under the direction and jurisdiction of the board of prison directors and, constructively, a prisoner of the state.

This court, in the case of *Ex parte Heckman,* 90 Cal. App. 700 [266 Pac. 585], had occasion to review and cite the authorities bearing upon the power of the board of prison directors relative to prisoners on parole.

In *Pareses* v. *California State Board of Prison Directors et al.,* reported 208 Cal. 353 [281 Pac. 394, 395], the Supreme Court, passing upon questions similar to those presented to us, held as follows: ''Since the enactment of the indeterminate sentence law (Stats. 1917, p. 665), the 'recognition to be given to such conduct becomes a matter of consideration and affirmative action of the Board of Prison Directors in each particular case.' (*In re Thompson,* 54 Cal. App. 177, 178 [201 Pac. 473].) The allegation that petitioner is entitled to certain credits for good behavior is insufficient. It must be made to appear that the board of prison directors by affirmative act has accorded petitioner those credits, and that they have not been declared forfeited by said board. (*In re Thompson, supra; In re Piantanido,* 56 Cal. App. 259, 260 [205 Pac. 17]; *In re Mann,* 192 Cal. 165, 166 [219 Pac. 71].)''

Under the authorities cited, it is evident that the petition under consideration does not contain facts sufficient to warrant the issuance of a writ.

The petition is denied.