[Crim. No. 1591. First Appellate District, Division One.—October 10, 1930.]

In the Matter of the Application of E. B. CRAWFORD for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Appellant.

Thomas P. Boyd for Respondent.

KNIGHT, J.—The petitioner, E. B. Crawford, a prisoner in the state prison at San Quentin, was ordered discharged therefrom on a writ of *habeas corpus* granted by the Superior Court in and for the County of Marin. From the order made in that behalf the People have taken this appeal. (Pen. Code, sec. 1506.)

At the time the order for the writ was granted the prisoner was serving two consecutive sentences imposed by the Superior Court in and for San Bernardino County, after having entered pleas of guilty to two counts of an information charging him jointly with one Woody with having had possession of, and with having operated, a still. ■ On the first count the sentence was that he pay a fine of $1,000 and be imprisoned in the state prison for the term prescribed by law, and a like sentence was imposed on the second count. He entered the prison on March 6, 1929, and thereafter the prison board fixed the period of his sentence on the first count at three years and the period of his sentence on the second count at one year. No order was made by the superior court that the sentences should run concurrently, and consequently they operated consecutively. (Pen. Code, sec. 669.)

Both charges were founded on a statute enacted by the legislature in 1927, declaring it to be a felony for any person to "operate or cause to be operated or knowingly have in his possession or control any still", etc., used or intended to be used for the manufacture or production of intoxicating liquor for beverage purposes (Stats. 1927, p. 497); and the legal ground upon which the writ was obtained was that the act of operating the still charged in the second count

necessarily included the act of having possession of it, as charged in the first count; in other words, that the acts charged in both counts related to the same transaction and constituted but one offense; and that, therefore, the superior court was without jurisdiction to impose a double sentence for the one offense.

Briefly stated, the first point urged for reversal is that the matters set forth in the judgment-roll are legally insufficient to warrant the conclusion reached by the trial court that the acts charged in the two counts related to the same transaction. We are of the opinion that the case of *People* v. *Clemett,* 208 Cal. 142 [280 Pac. 681], is decisive of this point. There the defendant was charged by the information, containing two counts, with the same offenses here charged, and the allegations of the two counts were identical in form, except as to dates, with those set forth in the two counts of the information in the present case; and it was held that the information charged but a single offense. That is to say, by count one in the present case it is alleged that the defendants "on or about the 10th day of January, 1929, . . . did wilfully, unlawfully, knowingly, and feloniously have in their possession and under their control one still", etc.; and by count two it is alleged that the defendants "on or about the 10th day of January, 1929, and for a period of about three weeks continuously next prior thereto . . . did wil- fully, unlawfully, and feloniously operate or cause to be operated a certain still", etc. "By count one" in that case, says the court in its opinion, "it is alleged that the defendants on or about the third day of January, 1928, *and prior thereto* (not stating whether it was one day or more prior to January 3, 1928), did wilfully, unlawfully and feloniously have in their *possession* and under their *control* one still, etc. By the second count it is charged that said defendants on or about the third day of January, 1928, and for a period of *about five months continuously next prior thereto,* did wilfully, etc., *operate and cause to be operated* one certain still," etc. And in holding that the foregoing allegations related to the same transaction, and therefore constituted but one offense, the court says: "If he *operated* and caused to be operated said still it was indisputably in his possession and under his control. The operation of the still includes a longer period than is included within the aver-

ment that the still was under his control. It is alleged that he operated it for about five months prior to January 3, 1928, a definite fixed period, while it is alleged in the other count that he had it in his possession and under his control on or about January 3, 1928, and prior thereto. Under the rule of pleading the possession and control clause may be limited to one day prior to January 3, 1928, or at most a reasonable time prior thereto and could under no rule of construction be extended backward beyond the period of five months during which time it is alleged the defendant was operating the same still. Clearly the possession and control period is covered by the period during which the defendant operated said still. The defendant may have had a still in his possession or under his control without operating the same, but he could not have operated it without having it under his control, and in his constructive possession. The possession and control period is included in the period of operation, inasmuch as possession and control were incidental to operation.''

True, as pointed out by the People, the question in that case was raised and decided on an appeal by the defendant from the judgment, which admittedly included a transcript of the evidence; and it is also true that after giving its reasons for holding that the two counts of the information stated but one offense, the court said that the conclusion it had reached thereon was ''confirmed'' by a reading of the evidence; but as will be noted from the portion of the court's opinion hereinabove quoted, its decision on the point at issue was not based on the evidence, but was founded on a construction of the allegations of the information; and therefore, aside from the court's brief reference to the confirmatory effect of the evidence, that portion of its decision dealing exclusively with the question of construction of the allegations of the information, which as shown are identical with those found in the information in the present case, is manifestly controlling here. In further support of the trial court's conclusion that the acts of possession and operation as charged in the two counts related to the same transaction, the petition for the writ in substance so alleged, and no denial thereof was made in the return to the writ; nor is it anywhere claimed on this appeal that the two counts do in

fact relate to separate transactions; merely that it cannot be so determined from the matter set forth in the judgment-roll. The form of the judgment also indicates that but one transaction is involved, for it is therein recited that the defendant was duly informed by the court of the nature of the information filed against him "for the *crime* of possession of a still or distilling device and operating a still", etc. (Italics ours.) For the reasons stated we believe that the trial court was justified in holding that the act charged in the first count was merged in the act charged in the second count, and that therefore the judgment of sentence pronounced on the first count was and is void (*People* v. *Clemett, supra*).

The People further contend, however, that even assuming that the two counts do relate to the same transaction, the limited effect thereof is that one portion of the judgment is erroneous, and that while such erroneous portion might have been corrected by a reversal, if an appeal had been taken, it cannot be declared void on *habeas corpus;* also that since the prison board might have fixed the maximum statutory penalty of five years for each offense, but fixed a period of four years only for both, which was within the maximum for one, the prisoner is not entitled to his discharge until he has served the equivalent of a four-year sentence. The case of *In re Mann,* 192 Cal. 165 [219 Pac. 71], is cited in support of this latter contention.

We are unable to sustain either of the foregoing contentions, for it is fundamental that if two separate acts constitute but a single crime, a double sentence therefor cannot be imposed. If it is, one of the sentences must necessarily be void; and there is no law to compel a person to serve a void sentence. We find nothing in the case of *In re Mann, supra,* at variance with this fundamental rule.

In the present case the void sentence is obviously the one relating to the possession of the still because the act of possession is included in the act of operation (*People* v. *Clemett, supra*) ; and the sentence being void, the proceeding taken by the prison board pursuant thereto in fixing the term of such sentence is likewise void. Therefore, the only valid judgment of sentence pronounced was the one based on the second count, and since the prisoner has already served more than the full term of one year, fixed by

the prison board as a punishment therefor, he is entitled to his discharge.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 3, 1930.