[Crim. No. 3533. In Bank.—July 29, 1932.]

In the Matter of the Application of EARL W. TAYLOR for a Writ of Habeas Corpus.

114

A. J. Harder for Petitioner.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, Neil R. McAllister, District Attorney (Sacramento County), and Guy P. Johnson, Assistant District Attorney, for Respondent.

SEAWELL, J.—Alleging that he is illegally confined and restrained of his liberty by the warden of Folsom prison, petitioner seeks by this application for a writ of *habeas corpus* to secure his release and discharge.

Petitioner was convicted in Los Angeles County on three counts of grand theft. He was received at San Quentin on August 18, 1928, and thereafter his term was fixed at four years for the first offense and two years for each two subsequent offenses, the sentences to run concurrently, so that his maximum sentence would be four years. With full allowance of credits on this term petitioner would be entitled to his release on August 18, 1931 (sec. 1168, Pen. Code). Prior to August 18, 1931, and on October 27, 1929, he was released on parole. On July 24, 1931, which was prior to the expiration of his term as reduced by a full allowance of credits, petitioner was sent to Folsom for violating his parole. On July 25th–26th the state board of prison directors ordered that the parole theretofore granted to petitioner "be suspended and revoked pending investigation of the complaint filed" against the petitioner. On July 31, 1931, petitioner was given the required notice of hearing of the charge of parole violation and the hearing thereon was set for August 1, 1931. On that date the hearing was continued, apparently without objection of petitioner, to August 8th and 9th, when the matter was partially heard, and then continued to August 14th, and after that to August 26, 1931, when the hearing was concluded, and upon the oral and documentary evidence before it the prison board determined "that due proof had been made that the prisoner has with evil intent violated the rules and regulations of the prison, was guilty of the offense specified in the complaint,

and should be punished therefor . . . by a forfeiture of such time credits as he had heretofore earned, or may hereafter earn''. The propriety of this type of order was upheld in *In re Sanders*, 47 Cal. App. 368 [190 Pac. 647].

Petitioner contends that on August 26, 1931, when the order of forfeiture of credits was made the prison board was without jurisdiction to make such order for the reason that his time (with full allowance of credits) had expired. This contention is based on the theory that at the time of his parole violation he had admittedly earned, and been allowed, a reduction of eight months on his time, and in addition thereto had been allowed an additional four months' reduction by virtue of resolution of the board of prison directors dated July 1, 1931. This resolution purported to allow in advance, upon the recommendation of the warden, all credits earned by prisoners during the interim between the semi-annual meetings of the board. Petitioner contends that with the allowance of these credits his term expired on August 18, 1931, which was prior to the date his parole was formally suspended, and the order made revoking all credits theretofore earned or thereafter to be earned by him.

█ A prisoner on parole is constructively a prisoner of the state in the legal custody and under the control of the state board of prison directors. (*In re Heckman*, 90 Cal. App. 700 [266 Pac. 585].) Rules and regulations for the conduct of a paroled prisoner are rules and regulations of the prison. (See *Matter of Stanton*, 169 Cal. 607 [147 Pac. 264].) █ Upon hearing and trial the petitioner was found guilty of having "with evil intent violated the rules and regulations of the prison", and as punishment therefor the prison board forfeited all good time theretofore earned or thereafter to be earned. This the statute empowered it to do. (Sec. 1168, Pen. Code.)

█ It is well settled that a prisoner is not entitled as of right to credits (*In re Thompson*, 54 Cal. App. 177 [201 Pac. 473]; *Pareses* v. *Board of Prison Directors*, 208 Cal. 353 [281 Pac. 394]), nor may they be accorded automatically by operation of law, but in addition to being earned must be allowed by affirmative action of the prison board. (*In re Mann*, 192 Cal. 165 [219 Pac. 71].)

█ Assuming that the petitioner had earned all the credits allowed by section 1168 of the Penal Code, a point we

need not now decide, there can be no doubt that the prison board had authority to revoke and forfeit those credits for any infraction of the rules or for parole violation occurring prior to the expiration of petitioner's sentence. That is all that was done in this case and it is immaterial that the order forfeiting the credits was made at a time subsequent to the expiration of the alleged "reduced" term. By the order forfeiting the credits, the so-called "reduced" term disappears from the case and the petitioner is required to serve the full four years originally imposed on him, which term has not at this time expired. In reaching this conclusion we regard as unimportant the fact that the parole violation for which petitioner's credits were subsequently revoked occurred prior to the expiration of the asserted "reduced" term. Likewise, notice of the hearing for revocation of parole and forfeiture of credits was served on petitioner and several hearings had prior to August 18, 1931. The mere fact that by reason of such continuances the order revoking and forfeiting petitioner's credits was made subsequent to August 18, 1931, is, in our opinion, immaterial.

We conclude, therefore, that the petitioner was not entitled to discharge on August 18, 1931, and that the prison board's jurisdiction over the petitioner continued up to the time of the making of the order of August 26, 1931, forfeiting all credits theretofore earned or thereafter to be earned. Such order was therefore properly made.

■ This matter seriously affects the disciplinary and administrative policies which the state evidently intended should be placed as far as possible in the hands of the state board of prison directors and those charged with administrative details under said board, and this court should not interfere with its decision unless it clearly appears that it has exceeded its powers, or that substantial injustice has been done. As an aid to administration, we see no objection to credits being allowed by the board upon the recommendation of the warden on the condition that the prisoner's conduct and work continues to be meritorious up to the date that his discharge is due.

The application is denied and the writ is discharged.

Shenk, J., Waste, C. J., Preston, J., Tyler, J., *pro tem.*, and Langdon, J., concurred.