[Crim. No. 4588.   In Bank.   Jan. 23, 1945.]

In re ROY V. QUINN, on Habeas Corpus.

Roy V. Quinn, in pro. per., and Archer Zamloch for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SCHAUER, J.—Petitioner contends that he is unlawfully deprived of his liberty in that he is detained in a state prison under a congeries of five sentences, all of which, he asserts, must be held to have run concurrently and therefore to have expired, but three of which (two for robbery of the first degree with prior conviction of felony and one for escape from custody with prior conviction of felony) the state insists upon enforcing consecutively. ██ The determinative point presents the question as to whether the trial court acted within its power in directing that the three sentences mentioned run consecutively, it being petitioner's position that a sentence for robbery of the first degree, being for an indeterminate term without a specified maximum (Pen. Code, § 213(1)), is a life sentence, at least until the Board of Prison Terms and Paroles (now the Adult Authority; see chap. 2, Fifty-fifth [Third Extraordinary] Session, 1944) has acted and fixed the punishment at a term for years; that nothing can be added to a life sentence and, hence, that upon pronouncing judgment on the first robbery count the court became powerless to direct that any subsequent sentence run consecutively; that all the subsequent sentences must be deemed to have merged in the first judgment and to have run concurrently with it.

There is no merit in petitioner's contention. Certainly an indeterminate sentence without a fixed maximum is regarded for certain purposes as having the effect of a life sentence until and unless the prison term board has acted and fixed a term for years (*People* v. *Ralph* (1944), 24 Cal.2d 575, 578 [150 P.2d 401]; *People* v. *Jones* (1936), 6 Cal.2d 554, 556 [59

P.2d 89] ; *People* v. *McNabb* (1935), 3 Cal.2d 441, 456-457 [45 P.2d 334]) but this proposition of law does not preclude our recognizing the reality that, in the absence of action by the board, an indeterminate sentence *is an indeterminate sentence.* It is neither a life sentence nor a fixed term sentence; it is entitled to recognition as a distinct *species intelligibilis.* The fact that for some purposes it has the legal effect of a life sentence does not mean that it must be regarded as the equivalent of a life sentence for all purposes. (*People* v. *Ralph* (1944), *supra,* at pp. 578-582 of 24 Cal.2d.) A defendant against whom such a judgment has been pronounced may or may not be required to spend the entire term of his natural life in prison.

Here the defendant was first sentenced to prison on August 14, 1924, for the crime of robbery in the second degree. This was an indeterminate sentence, the term later being fixed at fifteen years with the last three and one-half years to be served on parole. After release from prison but before expiration of the parole term he was rearrested and (in April, 1933) was tried, convicted, and sentenced on three counts of robbery of the first degree (with prior conviction of felony) and one count of assault with a deadly weapon with intent to commit murder (with prior conviction of felony). The trial court ordered that the sentence on the second robbery count run consecutively to the sentence on the first count and that the sentences on the other two counts run concurrently with the first two. Before the defendant could be delivered to the prison warden under the above mentioned sentences he escaped from the custody of an officer, was later apprehended, charged with escape (violation of Pen. Code, § 107) with a prior conviction of felony, pleaded guilty, and (in June, 1933) was sentenced on that charge, the court directing that the term run consecutively to the previously pronounced sentences. Each of the five sentences was indeterminate, the first three (each for robbery of the first degree, with a prior) carrying no fixed maximum and the last two (assault with a deadly weapon with intent to commit murder, with a prior, and escape, with a prior) carrying maximum terms of fourteen years and ten years, respectively. Later the Board of Prison Terms and Paroles (now the Adult Authority) fixed the terms of imprisonment at ten years on each count. The aggregate of the three consecutive terms is, therefore, thirty years

and, obviously, the petitioner is lawfully held unless the court was without authority to direct that such terms run consecutively.

Petitioner relies principally upon certain language used by this court in *People* v. *McNabb* (1935), *supra,* 3 Cal.2d 441, 456-457, and in *People* v. *Jones* (1936), *supra,* 6 Cal.2d 554, 556-557. In the McNabb case the court was considering primarily the question as to whether a prisoner who, while on parole under a sentence for a fixed term of years had committed, been convicted of, and returned to prison on, two counts of robbery, and who, prior to the completion of his original fixed term sentence and prior to action by the prison term authority on his last two sentences, committed, with malice aforethought, an assault with a deadly weapon, was liable to prosecution under section 246 (now section 4500) of the Penal Code. That section provides that "Every person undergoing a life sentence in a State prison of this State, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon . . . is punishable with death." It was held that under the circumstances shown the prisoner was properly convicted of the offense charged.

The court observed that (p. 458 of 3 Cal.2d) "Section 246 of the Penal Code was enacted as a disciplinary regulation and as a means of protection to prisoners themselves against the assaults of the vicious, and also to protect the officers who are required to mingle with the inmates, unarmed." The effect of the decision was to hold that within the intent of the Legislature the defendants there were in the classification of persons against whom the statute operated. (That this was a proper constitutional classification, see *People* v. *Finley* (1908), 153 Cal. 59 [94 P. 248], approved and judgment affirmed, *Finley* v. *California* (1911), 222 U.S. 28 [32 S.Ct. 13, 56 L.Ed. 75].) In other words, each defendant was held to be "undergoing a life sentence" and this was so even though McNabb had not yet completed the fixed term for years on which he had been released on parole. Since he was, at the time of the assault, being held not only as a parole violator under the fixed term sentence but also under a commitment which potentially subjected him to actual life imprisonment it was not unreasonable to conclude that he was within the classification intended to be reached by the Legislature in enacting section 246. If he was to be imprisoned for the remainder of his natural life on a commitment which was then

in the hands of the warden it would have been absurd to have concluded that he was not "undergoing a life sentence" merely because a previously imposed term for years had not yet expired.

The question as to whether, under the circumstances shown in the cited case, the indeterminate sentences on the two robbery counts on which the prison term board had not acted were to be regarded as bringing the defendant (McNabb) within the category of persons "undergoing a life sentence" presented a problem of statutory construction. On that point the court held (pp. 456-457 of 3 Cal.2d): "The authorities of this and many sister states which have an indeterminate sentence law similar to ours hold that a statute which prescribes a minimum sentence of not less than five years and with no maximum is in law a life sentence until and unless a court or executive board charged with the duty of fixing prison terms remits a portion of the life term. This question was definitely settled by *In re Lee,* 177 Cal. 690 [171 P. 958], in 1918 and has been the pronounced law of the state since." That is still the law but, as previously suggested, it does not preclude our recognizing the reality that an indeterminate sentence, under the circumstances shown here, may eventually become a sentence for years. And because such sentences may become sentences for years rather than for life our present penal system contemplates that trial courts shall have, and vests in them, power to direct whether multiple sentences shall run concurrently or consecutively.

Section 669 of the Penal Code, at the time the sentences involved herein were pronounced (1933), provided that "When any person is convicted of two or more crimes, the judgment shall direct whether the terms of imprisonment or any of them . . . shall run concurrently or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be." (Stats. 1931, p. 1052.) The pertinent part of that section has now been amended to include a proviso that "if the punishment for any of said crimes is *expressly prescribed* to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall

be merged and run concurrently with such life term.'' (Italics added.) (Stats. 1943, p. 1122.) We do not need to consider whether such amendment could be given retroactive effect upon petitioner's sentences; it is obvious that the punishment is not as to any of the counts *expressly prescribed* to be life imprisonment. Hence the quoted amendment has no application to the present case in any event.

The case of *People* v. *Jones* (1936), *supra,* 6 Cal.2d 554, adds nothing to petitioner's position. The court there was passing only on the question as to whether a life sentence as an habitual criminal under section 644 of the Penal Code commenced ''with the entry of judgment'' or not until ''the expiration of his unexpired term on the prior sentence, part of which he was serving on parole at the time of his last conviction.'' The court quoted from the McNabb case, *supra* (3 Cal.2d 441), and held that the life sentence commenced immediately upon the defendant's return to prison. This holding is not germane to petitioner's contention.

█ Concerning the basic point involved in this case—the power of the trial court to direct that subsequently pronounced sentences shall run consecutively to an indeterminate sentence with no prescribed maximum—we are satisfied that, subject to the limitations imposed by the amendments of 1941 (Stats. 1941, p. 2262) and 1943 (Stats. 1943, p. 1122) to section 669 of the Penal Code, applying in the case of punishment ''expressly prescribed to be life imprisonment,'' the discussion by Judge Charles W. Fricke, acting pro tempore for the District Court of Appeal, in *People* v. *Hayes* (1935), 9 Cal.App.2d 157, 160 [49 P.2d 288], correctly states the law. Subject to the limitations necessarily implied by the amendments mentioned, we adopt his language as follows: ''While it is true, as said in the cases of *In re Lee,* 177 Cal. 690 [171 P. 958], *In re Wignall,* 193 Cal. 387 [224 P. 452], and *In re Daniels,* 106 Cal.App. 43 [288 P. 1109], that when a sentence is imposed under the indeterminate sentence law (sec. 1168, Pen. Code) the term of imprisonment is for the maximum period provided by law as the penalty for the offense in question, this is true only to the extent that the term of imprisonment is the maximum provided by law until action is taken by the board of prison terms and paroles, which may and is required to fix the period of imprisonment at a period between the maximum and minimum penalties, and when so fixed the term of imprisonment is the period fixed by order of that board. (*People*

v. *McNabb*, 3 Cal.2d 441 [45 P.2d 334] ; *In re Daniels, supra.*) Since the San Francisco sentence was imposed in 1928, and assuming that the board has acted in accordance with the provisions of the so-called indeterminate sentence law, a definite term of imprisonment has been fixed and this court is justified in so assuming, since appellant has failed to make a showing to the contrary. ■ But even where a defendant is already under a life sentence or even a sentence of death, this does not afford him immunity from prosecution and conviction of other offenses; nor does it preclude the court from passing judgment and sentence upon a subsequent conviction. The fact that a prisoner who serves a life term and, while serving such, dies in prison cannot serve other sentences imposed for other offenses and running consecutively does not prevent, as a matter of law, the imposing of such consecutive sentences even though, as stated in *In re Woofter*, 134 Cal.App. 580, 583 [25 P.2d 859], the additional penalty cannot be imposed, i.e., actually inflicted, upon such life termer. It might also be mentioned that even where a prisoner is serving a life sentence this does not of necessity mean that he will remain in prison until he dies. Parole, commutation or pardon may release him from prison long before his term of life ends.'' The Hayes case was followed in *People* v. *Cowen* (1937), 20 Cal. App.2d 674 [67 P.2d 737].

It follows from what has been said that the trial court acted within its authority in directing that the three questioned sentences be served consecutively and, hence, that the petitioner is not unlawfully detained.

For the reasons hereinabove stated the writ is discharged and the petitioner is remanded to the custody of the warden of the State Prison at Folsom.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.