**ROSENTHAL v. HUNTER.**

No. 3560.

Circuit Court of Appeals, Tenth Circuit.

Nov. 17, 1947.

A. D. Weiskirch, of Wichita, Kan., for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

On October 13, 1937, Rosenthal[1] was sentenced to imprisonment in a California penal institution. In December, 1941, he was paroled from the state institution. Thereafter, he was charged with a parole violation and was reincarcerated in the state institution. In 1944, he was again paroled. On October 9, 1946, an indictment containing three counts was returned against petitioner in the District Court of the United States for the Western District of Kentucky. Each count charged a violation of 18 U.S.C.A. § 398. The offense charged in the first count was alleged to have been committed in January, 1946, and the offenses charged in the second and third counts in April, 1946. Petitioner was tried and convicted on each count of the indictment and sentenced to serve a term of imprisonment of three years on each count, the sentences to run concurrently. Petitioner was first incarcerated in the United States Penitentiary at Terre Haute, Indiana. On January 30, 1947, he was transferred to the United States Penitentiary at Leavenworth, Kansas. The Director of the Bureau of Prisons of California filed a detainer request on February 3, 1947, with the Warden of the United States Penitentiary at Terre Haute, which stated a warrant had been issued on January 18, 1946,

---

[1] Hereinafter called petitioner.

charging petitioner with a violation of his parole from the California institution.

On June 6, 1947, petitioner filed an application for a writ of habeas corpus, seeking a discharge on the ground that, at the time of his trial, conviction, and sentence in the Federal court, he was within the constructive custody of the State of California, and, therefore, the Federal court was without jurisdiction.

■ So long as petitioner was on parole from the California penal institution, he was within the constructive custody of the State of California.[2] In Ex parte Taylor, 216 Cal. 113, 13 P.2d 906, 907, the court said: "A prisoner on parole is constructively a prisoner of the state in the legal custody and under the control of the state board of prison directors."

■■ It is well settled that when one sovereign takes a person into custody for an offense against that sovereign, he remains under the jurisdiction of that sovereign until discharged from custody and that another sovereign should not interfere with that custody. The rule rests upon principles of comity,[3] and should be respected by the authorities of the United States as well as the authorities of the states. Federal authorities should not take and hold a prisoner on parole from a penal institution of a state without the consent of proper authorities of that state.

■■ But, when one sovereign voluntarily surrenders its prisoner to another sovereign, the latter acquires jurisdiction over such prisoner and such surrender cannot be challenged by the prisoner.[4] Here, there was no showing that the California officials, with authority in the premises, did not consent to the United States taking petitioner into custody and trying, sentencing, and imprisoning him for the Federal offenses. Since public officials are presumed not to act unlawfully, it must be presumed, in the absence of a showing to the contrary, that California voluntarily surrendered custody of petitioner to the Federal authorities.[5] Moreover, the fact that the California authorities merely filed a detainer request and did not demand surrender of petitioner for violation of his parole until the expiration of the Federal sentences indicates that California consented to Federal custody.

For the reasons indicated, the order is affirmed.

[2] Ex parte Taylor, 216 Cal. 113, 13 P. 2d 906, 907; Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94, 96. See, also, Johnston v. Wright, 9 Cir., 137 F.2d 914, 915.

[3] Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866; United States v. McDonnell, 7 Cir., 153 F.2d 919, 920; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 655.

[4] Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866; United States ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919, 920; Stamphill v. United States, 10 Cir., 135 F.2d 177, 178.

[5] Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 867.