243 P.2d 594

**Ex parte DALTON.**

**No. 7839.**

Supreme Court of Idaho.

April 24, 1952.

Gigray & Boyd, Caldwell, for petitioner.

Robert E. Smylie, Atty. Gen., Allan G. Shepard and John Clinton Peterson, Asst. Attys. Gen., for the State.

GIVENS, Chief Justice.

Convicted of murder in the second degree, petitioner was sentenced May 6, 1942 to not less than ten nor more than twelve years in the State Penitentiary.

September 26, 1951 he petitioned for writ of Habeas Corpus in the District Court, contending that under Section 20-417, I.C.A., he was entitled to sufficient good time credit to warrant his discharge.

August 3, 1949 the record of the minutes of the Idaho State Board of Corrections stated petitioner's good time was revoked because of his failure to carry out the orders of prison personnel, and also threats against prison personnel. The Penitentiary authorities contend the adoption of the indeterminate sentence law in 1909 and 1911, Section 19-2413 and Sections 19-3906 to 19-3912, I.C.A., impliedly repealed the good time statutes first enacted in 1891, 1890-91 Session Laws, page 30, Sections 20-417 and 20-419, I.C.A.,

relying in part on Ex parte Lee, 177 Cal. 690, 171 P. 958; In re Thompson, 54 Cal. App. 177, 201 P. 473; Ex parte Piantanido, 56 Cal.App. 259, 205 P. 17; State v. Kinnear, 145 Wash. 686, 261 P. 795; and that if not impliedly repealed, discharge is solely within the discretion of the Board.

Petitioner takes the opposite view and that the revocation of his good time August 3, 1949, being without notice to him of the nature of the charges and without his presence, was void as violative of due process, relying upon Ex parte MacDonald, 45 Cal.App. 480, 187 P. 991.

The record does not show what has been the practice of the various Boards, Art. IV, Sec. 7 of the Constitution; Title 20, Chap. 2, Idaho Code, but our decisions indicate that good time has been allowed without definitive declaration as to whether it was a matter of right or grace.

"This court held that the prisoner should have been sentenced under the provisions of section 6768, and ought to have been given a sentence of not less than five years, and that the judgment was not void, and that until the prisoner had served his term of five years, *which may be shortened under the statute by good behavior,* he should not be entitled to be discharged on habeas corpus." Matter of Setters, 23 Idaho 270 at page 277, 128 P. 1111, 1113. (Emphasis added.)

In re Erickson, 44 Idaho 713, 260 P. 160, 161, quoting and following with approval Ex parte Lee, supra, held that the indeterminate statute in effect repealed, *so far as inconsistent,* then Sections 8079–80 of the Compiled Statutes, now Sections 18–106 and 18–107, I.C., but again it does not appear the question now before us was raised therein, and the opinion indicated that under the record good time was allowed:

"It further appears from the allegations of the petition that petitioner has served the maximum term of imprisonment imposed, *less time earned for good behavior,* * * *." (Emphasis added.)

In Storseth v. State, Idaho, 236 P.2d 1004, 1005, we said:

"The law does not favor repeal by implication. Where earlier and later acts are not necessarily in conflict, and may be reconciled by reasonable construction, no repeal results."

Apparently, since 1911, the Boards have so acted under and reconciled both the good time statute and the indeterminate sentence statute that prior hereto the question herein has not been the subject of litigation.

■ Therefore, since the various Boards have apparently been able to reconcile the good time statute with their powers under the indeterminate statute, we do not feel constrained to hold the latter repealed the former.

Section 46, Chapter 53, 1947 Session Laws, page 71, expressly repealed the good time statute. Section 29 of said Chapter,

now Section 20–229, I.C., however, thus provides:

"In case any convicted person undergoing sentence commits any infractions of the rules and regulations of the penitentiary, the state board of correction *may revoke any good time heretofore earned* and may revoke any parole previously granted. Such revocation shall not be made except upon a hearing upon the question of the infraction of the rules charged to such convicted person before the board." (Emphasis ours.)

■■ The only good time this Section could possibly have referred to was that previously authorized by Section 20–417, I.C.A., regulated by Section 20–419, I.C.A., both now repealed. This Section, therefore, must of necessity have contemplated that it would be retroactive; otherwise, there would have been no situations to which it could apply. This was sufficient indication that it was to be retroactive in this respect. Peavy v. McCombs, 26 Idaho 143 at page 151, 140 P. 965; Brainard v. Coeur d'Alene A. Min. Co., 35 Idaho 742 at page 747, 208 P. 855. Being procedural and remedial, it thus is to be given force and effect.

The chairman of the present Board and Warden of the Penitentiary testified it was not the practice of the Board to give notice or have the prisoner present when his good time is revoked.

■ The hearing required by Section 20–229, I.C., comprehends notice and opportunity for the prisoner to be present and heard, in opposition to revocation of his good time. McManus v. Industrial Commission, 53 Ariz. 22, 85 P.2d 54; Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820; Albert Albek, Inc., v. Brock, 75 Cal.App.2d 173, 170 P.2d 508; English v. City of Long Beach, 35 Cal.2d 155, 217 P.2d 22, 18 A.L.R.2d 547; Handlon v. Town of Belleville, 4 N.J. 99, 71 A.2d 624, 16 A.L.R.2d 1118; Moran v. School Committee of Littleton, 317 Mass. 591, 59 N.E.2d 279; Railway Mail Ass'n v. Murphy, 180 Misc. 868, 44 N.Y.S.2d 601 at page 605.

■ Since the record discloses the hearing was not in compliance with Section 20–229, I.C., the cause is remanded to the District Court to direct the State Board of Corrections to forthwith give the prisoner notice of the charges against him and permit him to be present and heard at the hearing thereon, and to determine whether his good time shall be revoked, not revoked, or only partially revoked, and conclude accordingly. 39 C.J.S., Habeas Corpus, § 121e, p. 749.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.