[Crim. No. 1870.   In Bank.—March 13, 1915.]

## In the Matter of the Application of W. J. STANTON, for a Writ of Habeas Corpus.

CRIMINAL LAW—FORFEITURE OF CREDITS BY CONVICT—DETERMINATION BY BOARD OF PRISON DIRECTORS.—The board of prison directors, in reaching the determination, as provided by section 1588 of the Penal Code, that a convict by reason of his misconduct had forfeited his credits, is not required to proceed with the formality required of the courts. Its functions are primarily administrative. The essential thing is the existence of the jurisdictional facts, not the recital of their existence in the records of the board.

ID.—HABEAS CORPUS—EVIDENCE OF MISCONDUCT OF CONVICT.—The courts will not, on *habeas corpus,* consider the sufficiency of the evidence of a convict's misconduct, on which the board acted in declaring a forfeiture of his credits, or hold their proceedings invalid, if the offense charged is one which can fairly be considered as embraced within the provisions of the statute applying to the forfeiture of credits.

ID.—PROVISIONS FOR FORFEITURE OF CREDITS APPLIES TO CONVICTS ON PAROLE.—Section 1588 of the Penal Code authorizes a forfeiture of credits for offenses committed by convicts while at liberty on parole, as well as for those committed by them while actually confined within the prison inclosure. Under the parole law of 1893 as amended in 1901 (Stats. 1901, p. 82), a prisoner on parole is "in the legal custody and under the control of the state board of prison directors," and the rules which the board may make for his conduct outside are "the rules and regulations of the prison," within the meaning of that phrase as used in section 1588 of the Penal Code, for the violation of which the board may declare such forfeiture.

APPLICATION for a Writ of Habeas Corpus directed to the Warden of the State prison at San Quentin.

The facts are stated in the opinion of the court.

Arthur L. Shannon, for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, for Respondent.

SHAW, J.—The petitioner was committed to the state prison at San Quentin on February 5, 1896, under a sentence of twenty-five years for murder of the second degree. Under

the statute providing for credits to prisoners upon the time of their sentence, allowed for good behavior, the petitioner, if allowed the statutory credits, would have been entitled to his release on May 5, 1911. The prison authorities are holding him in custody upon the claim that by reason of his misconduct he has forfeited his credits, and that such forfeiture has been declared by the order of the board duly and regularly made.

The statute relating to prisoners' credits was first enacted in 1889 (Stats. 1889, p. 410) and has since been incorporated in the Penal Code as section 1588. Its provisions, material here, are as follows:

"Every convict who shall have no infraction of the rules and regulations of the prison, or laws of the state, recorded against him, and who performs in a faithful, orderly and peaceable manner the duties assigned to him, shall be allowed from his term, instead and lieu of the credits heretofore allowed by law, a deduction of" certain periods arranged according to the number of years of sentence.

"Each convict shall be held entitled to these deductions, unless the board of directors shall find that for misconduct or other cause he should not receive them. But if any convict shall commit any assault upon his keeper, or any foreman, officer, convict, or person, or otherwise endanger life, or shall be guilty of any flagrant disregard of the rules of the prison, or commit any misdemeanor, or in any manner violate any of the rules and regulations of the prison, he shall forfeit all deductions of time earned by him for good conduct before the commission of such offense, or that, under this section, he may earn in the future, or shall forfeit such part of such deductions as to the board of directors may seem just; such forfeiture, however, shall be made only by the board of directors after due proof of the offense and notice to the offender; nor shall any forfeiture be imposed when a party has violated any rule or rules without violence or evil intent, of which the directors shall be the sole judges."

The law authorizing the parole of convicts was enacted in 1893 and amended in 1901 (Stats. 1901, p. 82). This amendment was the law in force when the credits in controversy were forfeited. It empowered the state board of prison directors "to establish rules and regulations" under which the board could allow a prisoner "to go upon parole outside of the

buildings and inclosures, but to remain while on parole in the legal custody and under the control of the state board of prison directors, and subject at any time to be taken back within the inclosure of said prison." It also gave said board "full power to make and enforce such rules and regulations and retake and imprison any convict so upon parole."

In November, 1903, the petitioner, by an order of the board, was allowed to go on parole. In October, 1905, he was retaken, brought before the board, and charged with a "violation of the terms of his parole." To this charge he pleaded guilty, and thereupon the board adjudged that all credits earned and to be earned by him were forfeited and he was retained in the prison. In December, 1910, the warden made a report regarding him, recommending that he be again paroled, in pursuance of which he was allowed to go on parole again on July 1, 1911. Thereafter, on October 22, 1912, he was again charged with a violation of his parole, whereupon, after due hearing, he pleaded guilty, his parole was revoked, and his credits, earned and to be earned, were declared forfeited. The charge against him in this instance was "drinking intoxicating liquors and entering a saloon."

The rules and regulations of the board regarding the parole of prisoners provided that any paroled prisoner should be liable to be "retaken and again confined within the prison for any violation, of the conditions of his parole," and that for any such violation, or for any violation of these rules, he should forfeit all or any part of his credits at the sole discretion of the board. One of the conditions of the parole in his case was that he should "under no circumstances enter into a drinking saloon where liquor is either sold or given away."

It must be conceded, of course, that the proceedings and orders of the board of prison directors were very informal and perhaps not such as would be required in the case of court proceedings. But it is settled that the board is not required to proceed with the formality required of the courts. Its functions are primarily administrative. The essential thing is the existence of the jurisdictional facts, not the recital of their existence in the records of the board. The courts will not, on *habeas corpus,* consider the sufficiency of the evidence on which the board acted or hold their proceedings invalid, if the offense charged is one which can fairly be considered as embraced within the provisions of the statute applying to the

forfeiture of credits. (*Ex parte Knowlton,* 136 Cal. 107, [68 Pac. 480].) We think the records above referred to are sufficient to show clearly the nature of the charge made against the petitioner and the action of the board thereon, and are sufficient to justify his detention if the offense charged was of a character which was embraced within the statutory provisions.

On this point the petitioner contends that the law does not authorize a forfeiture of credits for offenses committed by convicts while at liberty on parole, but only for those committed by them while actually confined within the prison inclosure. We are satisfied that this contention is without foundation. The parole law expressly declares that a prisoner out on parole is nevertheless "in the legal custody and under the control of the state board of prison directors." In legal contemplation, therefore, he remains a prisoner, although out on parole. He is in the control of the board and subject to its rules, although otherwise at liberty. The rules which the board may make for his conduct while outside are, as we understand the statute, "the rules and regulations of the prison," within the meaning of that phrase as used in the act providing for the forfeiture of credits, for the violation of which the board may declare such forfeiture. The phrases "rules of the prison" and "rules and regulations of the prison," in the credit law, should be interpreted broadly to include any rule made by the prison board to regulate the conduct of convicts committed to its custody and control, whether for acts done within or without the inclosure. Its language is equivalent to the phrase "rules and regulations of the prison authorities," i. e., the board of prison directors. We find no reasonable ground for restricting the application of the law to offenses committed by convicts while actually within the prison walls.

There are no points requiring notice.

The writ is discharged and the prisoner remanded to the custody of the prison authorities.

Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.