[Crim. No. 1025.   Third Appellate District.—April 6, 1928.]

In the Matter of the Application of ALBERT HECKMAN for a Writ of Habeas Corpus.

Joseph A. Brown for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This is an original application by Albert Heckman for a writ of *habeas corpus,* praying that he may be discharged from the custody of the warden of the state prison at Folsom.

The application is made on the ground that the petitioner is now illegally confined in said state prison. That the illegality consists in keeping him in confinement after the expiration of the term for which he was sentenced.

The record shows that the petitioner was committed to the state prison at San Quentin on the ninth day of August, 1924; that on or about the twenty-eighth day of August, 1925, the term of imprisonment of said prisoner was fixed at the period of four years, beginning with his reception at San Quentin on the said ninth day of August, 1924. On the twenty-seventh day of February, 1926, petitioner's ap-

plication for a parole was granted, and on the fourteenth day of August, 1926, said petitioner was released from the state prison on parole. On the twenty-fifth day of June, 1927, the parole granted as aforesaid to said petitioner was revoked, and on the twelfth day of September, 1927, the petitioner was received at Folsom prison to complete his term of imprisonment as a parole violator. On the tenth day of December, 1927, all the credits earned and to be earned by the petitioner were declared forfeited on account of the alleged violation by the petitioner of his parole. If the proceedings referred to were properly taken and are valid, the effective discharge date of the petitioner would be October 26, 1928. The petitioner alleges that his credits were illegally revoked, first, for insufficient grounds, and, second, that the action of the board revoking his credits took place on Saturday afternoon, December 10, 1927, at a time when the board had no jurisdiction to act thereon. The record is silent as to the hour on which the board of prison directors took the action revoking the applicant's credits, but the oral testimony of the petitioner taken upon the hearing hereof was to the effect that it did not take place until after 12 o'clock of that day.

The minutes of the board of prison directors, made a part of the return to the petitioner's application herein, set forth the following:

"Office of the Clerk, State Prison at Folsom, Represa, California, December 10th, 1927.

"S. C. No. 39766, Albert Heckman, now Fol. No. 14905, Forfeiture of Credits:

"Excerpt of the Minutes of the Board Meeting Held on the Above Date: Ed H. Whyte, state parole officer, having charged the above named prisoner with having wilfully and with evil intent violated the terms and conditions of his parole and ticket of leave on or about the 15th day of April, 1927, by being arrested in San Francisco, by federal agents, on the charge of violating the Harrison Narcotic Act, and by being held to answer to the U. S. District Court on this charge;

"This complaint came on for trial at the session of the state board of prison directors held in their meeting room at said prison on the 10th day of December, 1927. The

prisoner being in attendance before the board answered the complaint by saying that he was not guilty of the offense thereby charged.

"Proof was made that a copy of the complaint had been personally delivered to the prisoner on the 3rd day of October, 1927, together with a written notification of the time and place when and where the complaint would be tried and the prisoner brought before the board to be heard in answer to the complaint.

"Oral and documentary evidence to show the particulars involved in said matter was introduced and considered by the board. Thereupon the board, having duly considered all the evidence, determined that due proof had been made that the prisoner had with evil intent violated the rules and regulations of the prison, was guilty of the offense specified in the complaint, and should be punished therefor by a forfeiture of such time credits as hereinafter specified; whereupon the board resolved that the said prisoner, for the said offense, should be punished by a forfeiture of such time credits as he has heretofore earned, or may hereafter earn, under S. Q. No. 39766, and the clerk was directed to make the necessary entries upon the prison records to carry said determination and resolution into effect.

"Attest:                                 HENRY CROWLE,
"(Seal)         Assistant Clerk, State Prison at Folsom."

Neither the petition for a writ herein nor the return thereto set forth what conditions, if any, were printed upon the ticket of leave given to the petitioner at the time he was allowed to go on parole on the fourteenth day of August, 1926, and the petitioner calls our attention to section 1½ of the act approved June 16, 1913, Statutes 1913, page 1048, as amended in 1915, statutes of that year, page 981, which section, among other things, provides that the board may, upon granting parole to a prisoner, impose any condition or any term or terms that it may deem proper, etc., and may impose, as a condition, that all or a portion of his credits earned or to be earned may be forfeited, etc.; and further, that no parole shall be revoked and no credits forfeited without cause, which cause must be stated in the order revoking the parole or forfeiting the credits. The section also provides for a hearing, and that the petitioner

shall be given an opportunity to present witnesses, etc. No question is presented as to the sufficiency of notice being given the petitioner of the hearing had by the board of prison directors relative to canceling the credits or forfeiting the credits which the applicant had theretofore earned or might thereafter otherwise be entitled to. The contention in this particular is that the complaint of the state parole officer, upon which the petitioner was arrested and returned to the state prison, following which a hearing was had, was not sufficient in form or substance to give the board of prison directors jurisdiction to act thereon, in that the complaint did not charge the petitioner with the commission of a crime, but only with having been wilfully and with evil intent violating the terms and conditions of his parole by being arrested on a charge of violating the Harrison Narcotic Act [38 Stats. at L. 785, 26 U. S. C. A., secs. 211, 691–707]. ▇ It is true the complaint of the parole officer would not be sufficient, as an information or an indictment, upon which a prisoner might be prosecuted, and would, of course, be subject to demurrer. But we do not think that the technical rules of pleading which the courts are called upon to enforce when a prisoner is charged with some offense and brought to trial before a jury apply to proceedings before boards of prison directors. The minutes of the board of directors which we have set forth show that oral and documentary evidence was introduced to show the particulars concerning the offense charged against the petitioner. We may here state that upon a hearing had before this court testimony was introduced tending to show that the petitioner was acquitted in the United States district court of the offense charged against him, but that such acquittal was brought about by reason of the fact that the room occupied by the petitioner, in which a narcotic substance was found, had been entered, and the narcotic substance found and taken possession of by federal officers, without first having obtained a search-warrant authorizing a search of the room occupied by the petitioner and the seizure of any narcotics found therein. ▇ The board of prison directors act under the authority of the laws of the state of California, and as those laws are interpreted by the courts of this state. Under the laws of

this state, and the interpretation given by the courts thereof, no such result could be had. Whether a crime has been committed is neither proved nor disproved by the want of authority of an officer who makes a search, and the board of prison directors, in determining whether the credits earned by the petitioner, or to be earned thereafter by him, were not bound by the technical limitations imposed upon federal officers in making searches and seizures. ■ Irrespective of the parole law, the board of prison directors are authorized by section 1588 of the Penal Code to forfeit the credits of any prisoner who shall have violated any of the rules and regulations of the prison or any of the laws of the state, and the action of the board of prison directors is not made to depend upon proceedings which may be taken and had against the prisoner in jurisdictions having no control over the determination of whether a prisoner's credits should or should not be forfeited. The minutes show that the board inquired into the circumstances concerning the alleged offense. ■ Whether the testimony before the board of prison directors was sufficient to justify their determination is a matter into which we cannot inquire upon this proceeding. *In the Matter of the Application of Stanton,* 169 Cal. 607 [147 Pac. 264], the supreme court held as follows: ''The courts will not, upon *habeas corpus,* consider the sufficiency of the evidence of a convict's misconduct on which the board acted in declaring a forfeiture of his credits, or hold the proceedings invalid, if the offense charged is one which can fairly be considered as embraced within the provisions of the statute applying to the forfeiture of credits.'' ■ The mere fact of being arrested does not constitute a violation of any law of this state, but an inquiry into all the circumstances pertaining thereto may disclose sufficient evidence to justify the board of prison directors in declaring a forfeiture on account of the misconduct of the prisoner involved, and if the testimony in this case established that the petitioner was violating the Harrison Narcotic Act, or any of the narcotic or drug acts of this state, sufficient foundation would be laid for the action of the board of prison directors, even though the charge filed by the parole officer was technically insufficient. The minutes show that the board made inquiry, that is, they

received oral and documentary evidence as to the particulars of the matter, and if we had the power to inquire into the sufficiency of such testimony, there is nothing before us upon which we could act, as the testimony taken before the board is not in the record. ■ During the time petitioner was outside the prison walls upon parole, and at the time he is alleged to have violated his parole, the petitioner was under the jurisdiction of the board of prison directors and was constructively a prisoner of the state. (*Matter of Stanton,* 169 Cal. 607 [147 Pac. 264]; *In re Sanders,* 47 Cal. App. 368 [190 Pac. 647].)

■ It is further contended on the part of the petitioner that even though the board of prison directors had cause for forfeiting his credits, the order of the board was made upon a Saturday afternoon, and therefore that such order is invalid, as having been made upon a holiday. In this particular the petitioner relies strongly upon the case of *Dal Porte,* 198 Cal. 216 [244 Pac. 355]. That case had to do with a judgment pronounced in a police court in the city of Santa Cruz, on a Saturday afternoon. Having been pronounced on a holiday the judgment was set aside.

The appellant also cites the note to *Moss* v. *State,* Ann. Cas. 1916B, page 16. These cases and others might be cited holding that courts cannot perform any judicial functions upon a holiday, and basing his arguments upon the decisions so holding, the petitioner contends that the board of prison directors, in revoking his credits, was acting in a judicial capacity and, therefore, any such action taken on a Saturday afternoon is void.

Section 10 of the Political Code, as amended in 1923 [Stats. 1923, p. 838], reads: "Every Saturday from 12 o'clock noon until 12 o'clock midnight is a holiday as regards a transaction of business in the public offices of this State," etc. The concluding paragraph of that section also specifies: "All public offices of the state and all state institutions including the State University, and all public schools in the state shall be closed on the 9th day of September of each year, known as Admission Day." Section 10 of the Political Code does not provide that public offices shall be closed on Saturday afternoon. It simply provides that it is a holiday as regards the transaction of business in the public

offices of this state. Outside of what we have stated, there is no prohibition contained in the codes of this state against keeping a public office open. Section 134 of the Code of Civil Procedure provides that no court except the supreme court shall be open for the transaction of judicial business on holidays, the language being: "No court other than the Supreme Court must be open for the transaction of judicial business on holidays except for specified purposes." The prohibition which we have just set forth refers only to courts. It does not refer to boards or commissioners which may at times be exercising *quasi*-judicial functions. It has been frequently decided that boards of supervisors, commissioners and others which simply act as state agencies are not courts. In the case of *Suckow* v. *Alderson*, 182 Cal. 247 [105 Pac. 580], the supreme court took occasion to pass upon this question, and after stating that such boards exercise *quasi*-judicial functions, used the following language: "Nevertheless, it is now well established in this state that tribunals such as the board of medical examiners or other boards empowered to revoke licenses which they have previously granted for cause defined by the law, are not courts in the strict sense. They are not exercising the judical power of the state, as that phrase is used in the Constitution conferring judicial power upon courts, and that statutes creating such boards and conferring upon them such powers are constitutional." A number of cases relating to different boards are there cited. See, also, *Chinn* v. *Superior Court*, 156 Cal. 478 [105 Pac. 580], where it was held that a board of supervisors was not a court from which an appeal could be taken, and was not a court within the meaning of that word as used in the constitution.

It has been frequently decided that as a general rule a *quasi*-judicial act performed on Sunday is valid in the absence of a prohibitory statute. (See cases cited and Ann. Cas. 1916B, page 16, where a long list of cases so holding are quoted.) Following this rule the supreme court of this state, in the case of *People* v. *Town of Loyalton*, 147 Cal. 774 [82 Pac. 620], held that an election in that town which took place on the ninth day of September was valid, even though such date was a holiday; that there was nothing within the statutes prohibiting elections on such days. The

court there said, with reference to the contention that the holding of an election on the ninth day of September was void: "That day being a holiday under the provisions of our statute, Political Code, section 10, it is claimed that no valid election could be held thereon. Appellant has pointed out no statute prohibiting the holding of such an election on a holiday, and we know of none. There is a statutory prohibition as to the transaction of certain judicial business on certain holidays. . . . But the holding of an election does not come within that term. . . . The rule appears to be that on all such days all transactions not within the statutory prohibitions may be carried on as on any other day." That all acts not prohibited by the statutes may be performed upon a holiday, see, also, note to *St. Paul* v. *Robinson*, Ann. Cas. 1916E, page 847. See, also, note to *Ex parte Seward*, 21 A. L. R. 676, where acts of the legislature on holidays are upheld. Even many acts pertaining to courts may be performed on holidays, such as are purely ministerial. (23 Cal. Jur., p. 970, sec. 8.) In the case of *State (Mueller)* v. *Egg Harbor City*, 55 N. J. L. 245 [26 Atl. 89], the supreme court of New Jersey held that an act which made Saturday afternoon a legal holiday did not apply to proceedings taken before a common council. The act there involved provided that certain days should be considered as holidays so far as transacting business in the public offices of the state was involved.

As we have stated, the record in this case is silent as to the hour of the day on which the board of prison directors took action in the matter of forfeiting the petitioner's credits, but if petitioner's oral testimony taken upon the hearing of his petition be accepted, it shows that the order was made upon a Saturday afternoon, but under the authorities which we have cited, and the fact that the statutes contained no words prohibiting action by the board of prison directors upon a Saturday afternoon, we think that its action, if so taken, was not invalid by any of the provisions of section 10 of the Political Code.

The writ is denied.

Buck, P. J., *pro tem.*, and Hart, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.