[Crim. No. 1252. Third Appellate District.—March 14, 1933.]

In the Matter of the Application of JOHN J. TOBIN for a Writ of Habeas Corpus. THE PEOPLE, Appellant, v. JOHN J. TOBIN, Respondent.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Clifford Thoms for Respondent.

PLUMMER, J.—This application·comes before us upon an appeal by the People from an order of the Superior Court of Sacramento County granting a writ of *habeas corpus*.

The record shows that the petitioner, John J. Tobin, was received at Folsom prison on the eleventh day of November, 1925, by virtue of a judgment of conviction of first degree robbery entered in the Superior Court of Los Angeles County. Thereafter the board of prison directors imposed a sentence upon the petitioner of a term of twelve years; on the eleventh day of July, 1931, the petitioner was granted a parole, effective immediately; on the fifteenth

day of September, 1931, the petitioner was arrested and returned to the state prison at Folsom; on September 20, 1931, the board of prison terms and paroles, at its meeting in Folsom, ordered the petitioner back to prison, and thereupon he was again placed in custody within the prison walls at Folsom. On the twenty-ninth day of September, 1931, there was served on the said John J. Tobin a copy of charges preferred by the warden of the state prison at Folsom, charging him with altering certain prisoners' records while acting as an assistant to the clerk in the record clerk's office at Folsom prison, which alterations were made prior to July 11, 1931. Thereafter, and on October 7, 1931, after due notice had been given thereof, a hearing was had by the board of prison terms and paroles, at which hearing the petitioner pleaded guilty to the change of the records of Folsom prison, as charged by the warden thereof, and at said hearing all the credits that the said petitioner had earned, and that he might thereafter earn, were declared forfeited and canceled.

The facts upon which the petitioner was re-arrested, his parole rescinded and his credits declared forfeited are based upon the admitted charge that while employed as an assistant to the record clerk of the state prison at Folsom, the petitioner falsified the records as to certain prisoners confined in Folsom prison.

Upon this hearing it is contended that the petitioner could only be re-arrested, his credits forfeited and his person confined within the walls of Folsom prison by a violation of some of the terms of his probation as specified in the list of rules for his future conduct read and delivered to the petitioner upon the granting of his parole.

This contention is supported by the decision of the United States District Court for the District of Kansas in *Ex parte Urbanowicz,* 24 Fed. (2d) 574, where it was held that a parole granted to a United States prisoner could not be canceled or rescinded save and except for some offense committed by him subsequent to the date of the parole, which constituted a violation of the terms of the parole. The decision proceeds upon the theory that the order granting the parole is akin to a judgment of a court, and precludes inquiry as to all matters known or unknown preceding the granting thereof. That a parole when granted becomes

a matter of right and not a privilege, and proceeds upon the theory that a paroled prisoner is entitled to notice, entitled to a hearing or trial, and opportunity to present his defense or explanation, if any he has, before an order or revocation can be legally made.

A reference to sections 714 to 722, inclusive, U. S. C. A., volume 18, discloses that United States parole boards are given no such authority as is vested either in the courts of this state in granting probation or to what is now the board of prison terms and paroles.

By paragraph 12 of subdivision 4 of section 1168 of the Penal Code, full power is given to the board of prison terms and paroles to retake any prisoner on parole, to suspend, cancel or revoke a parole without notice being given to such prisoner. Under the section of the Penal Code just referred to a paroled prisoner in California is not entitled either to a hearing or a trial. By the fifth paragraph of subdivision 3 of section 1168, *supra,* the prisoner is given a right to a hearing, and a trial before his credits can be forfeited. It appears in this case that the petitioner was given such a hearing before his credits were declared forfeited, and it also appears that the petitioner was given a hearing before the order for his parole was rescinded. Under the eighth paragraph of subdivision 4, *supra,* a prisoner on parole is all the while under the legal custody and control of the board. This section is a legal expression of what the courts of this state have already held. (*In re Heckman,* 90 Cal. App. 700 [266 Pac. 585].) The fourteenth paragraph of subdivision 4 of section 1168, *supra,* does provide that no parole shall be revoked and no credits shall be forfeited without cause, and that the cause of revoking the parole or forfeiting the credits must be stated in the order of revocation or forfeiture, as the case may be. There is no provision contained in section 1168, *supra,* requiring that the cause of revocation of a parole or the forfeiture of credits must be something that occurs at any particular time during the running of the sentence pronounced upon the prisoner.

As said in another case, when passing upon the right of a court to revoke a probation order: "From the nature of the subject, the whole matter of granting and revoking suspensions must rest in the discretion of the court." Here, from the very nature of the case, the whole matter of

granting or revoking paroles, or of allowing or forfeiting credits, must rest in the sound discretion of the board of prison terms and paroles. The petitioner, during this parole, was not freed from the consequences of his guilt. The granting of the parole to him was not a matter of right, but a matter of privilege, or rather, a matter of grace, as expressed in some of the opinions. The power of the board to revoke without notice, as expressed in the statute, precludes the idea of there being any vested right in the petitioner to remain outside of the prison walls.

Subdivision 3 of section 1578 of the Penal Code requires the warden of a state prison to keep a registry of all convicts. The falsification of this record is a public offense. The petitioner in this case was guilty of a public offense not shown by the record and not discovered by the officers having charge of the record until after July 11, 1931. The falsification of the record by the petitioner, once it was discovered, furnished a basis for the board of prison terms and paroles to revoke his credits. A prisoner with credits revoked is not one who has complied with all the terms and conditions of the rules and regulations of the prison, and is therefore not entitled to be outside of the prison walls upon parole.

In the case of *In re Young*, 121 Cal. App. 711 [10 Pac. (2d) 154], this court, in passing upon the revocation of a probation order without notice, held that the prisoner was not entitled to either notice or trial. The reasoning of the opinion in that case and the authorities there cited are applicable here, and need not be set forth *in extenso*.

In a large number of states where the statutes do not give such authority it is held that an order vacating the suspension of a sentence or the granting of a parole cannot be set aside without notice. In some of the states where the statutes are silent, it is held that notice should be given, and in other states, that notice need not be given, and that no trial need be had. In this state, as we have shown, the paroled prisoner may be re-arrested and reconfined within the prison walls, without either notice or trial, but that his credits, once given, cannot be revoked without notice and a hearing.

To adopt the petitioner's contention and hold that a prisoner who has been guilty of fraud and deceit, thereby

securing credits and a parole to which he was not entitled, is no longer amenable to, and beyond the jurisdiction of the board of prison terms and paroles to recall the privilege granted under such circumstances, seems to us to undermine the very purpose for which credits are allowed for good behavior, exemplary conduct, lawful action and obedience to the rules and regulations of state prisons leading up to the extension of the further privilege of personal liberty outside the walls of the institution to which the prisoner has been committed.

It cannot be doubted in this proceeding that the board of prison terms and paroles had ample authority to declare a forfeiture of all the credits earned and to be earned by the petitioner, immediately upon discovery of the offense committed by the petitioner in falsifying the records of the institution where he was confined. A revocation of the parole order would follow as a matter of course.

The order of the trial court is reversed and the writ denied.

Thompson, J., and Pullen, P. J., concurred.