[Crim. No. 3569. Second Dist., Div. One. June 16, 1942.]

In re HYMAN SILVERSTEIN, on Habeas Corpus. THE PEOPLE, Appellant, v. HYMAN SILVERSTEIN, Respondent.

Earl Warren, Attorney General, Bayard Rhone, Deputy Attorney General, John F. Dockweiler, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Appellant.

Mark F. Jones for Respondent.

WHITE, J.—Alleging that he is illegally confined and restrained of his liberty by the sheriff of Los Angeles County, petitioner (hereinafter referred to as respondent), through an application for a writ of habeas corpus filed in the Superior Court of Los Angeles County, seeks to secure his release and discharge. After hearing, the superior court granted the writ of habeas corpus and ordered the respondent discharged from custody. From such order the People prosecute this appeal.

The facts set forth in the petition for the writ are not controverted, and in brief are as follows: On December 18, 1940, the Board of Prison Terms and Paroles of the State of California released respondent from San Quentin prison on parole to the United States authorities, said state parole term to expire on June 18, 1942. Pursuant to such release, respondent was by the said authorities taken before the United States District Court in the State of Louisiana, where, on January 17, 1941, he was sentenced to serve a year and a day in the federal penitentiary at Atlanta. On November 6, 1941, respondent was paroled from the federal penitentiary, to remain upon such parole until January 17, 1942. On January 15, 1942, two days before the expiration of his federal parole, the Board of Prison Terms and Paroles of the State of California caused respondent to be arrested and confined in the county jail for an alleged violation of the rules of the state Board of Prison Terms and Paroles, which violations occurred while respondent was under federal as well as state parole.

The sheriff's return to the writ of habeas corpus shows that respondent was delivered into custody by a state parole officer on a charge of violation of parole. The return further alleged that while respondent was on parole he violated the terms thereof in the manner and form as charged in the order of the Board of Prison Terms and Paroles revoking his parole and ordering his return to the state prison. The reasons advanced by the state Board of Prison Terms and Paroles for the revocation of respondent's parole and upon which the order for his arrest and return to prison was predicated are:

"1. That the respondent left Kern County on January 6, 1942, and came to Los Angeles County without the permission of his supervising officer.

"2. On January 15, 1942, he operated a motor vehicle in the City of Los Angeles in violation of Rule 2 of his Ticket of Leave.

"3. On January 16, 1942, he violated Rule 6 of his Ticket of Leave by visiting his former wife, in direct violation of a court order."

At the hearing on the habeas corpus proceeding in the superior court, the factual situation hereinbefore narrated was stipulated to, as was the further fact that under the terms and conditions of respondent's parole from the federal penitentiary, he was permitted "to go anywhere he wanted in the Southern District of California while he was still amenable to the Federal authorities and keeping in touch with the Federal probation officer."

■ Appellant first contends that issue was not joined, and that by reason thereof the court was without authority to proceed under section 1484 of the Penal Code to hear such proof as might be presented to justify or invalidate the imprisonment and detention of respondent. This claim is grounded upon the fact that the return to the writ sets out *in haec verba* the reasons for revoking respondent's parole, together with the warrant issued for his arrest, and that no question was raised by traverse on the part of respondent as to the sufficiency of the sheriff's return or any of the documents attached thereto. In this contention appellant cannot be sustained. We are persuaded to hold that in view of the conduct of appellant in the lower court in proceeding with the hearing pursuant to section 1484 of the Penal Code and stipulating to the facts of the case, the petition should be treated as a traverse or answer to the return—a course that has frequently been followed in the courts of this state. (*In re Collins*, 151 Cal. 340, 342, 343 [90 Pac. 827, 91 Pac. 397, 129 Am. St. Rep. 122].)

■ It is next contended by appellant that because, pursuant to the provisions of section 3060 of the Penal Code, the Board of Prison Terms and Paroles of this state possessed full power to retake a prisoner on parole, and because the sheriff's return set forth what on its face was a properly executed and valid order of the board for the arrest of respondent, the court was bereft of jurisdiction to order his discharge on habeas corpus. It has been held that habeas corpus may be utilized to test the procedure in a petitioner's trial even though the trial court has jurisdiction to try him. (*In re Bell*, 19 Cal. (2d) 488, 493 [122 P. (2d) 22].) The same writ may be resorted to in order to afford a review of a question of law that cannot otherwise be raised, or where because of the importance of the issue involved, ordinary procedure would prove inadequate.

(*In re Bell, supra,* p. 494.) So in the instant case, we are disposed to hold that where petitioner challenged the right of the state Board of Prison Terms and Paroles to retake him while he was on parole from the federal authorities, and where he was without recourse to any other procedure to test the validity of his incarceration, he could resort to habeas corpus. The reason for the liberality of this rule is thus tersely and effectively stated by Chief Justice Hughes in *Bowen* v. *Johnston,* 306 U. S. 19, 26, 27 [59 S. Ct. 442, 83 L. Ed. 455] : ''It must never be forgotten that the writ of *habeas corpus* is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired. . . . the rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.''

We come now to a consideration of the main and final question involved in this appeal, viz., the authority of the state Board of Prison Terms and Paroles to revoke respondent's parole and return him to prison notwithstanding that he was at the same time on parole from a federal penitentiary. It is the law that a prisoner on parole is constructively a prisoner of the state in the legal custody and under the control of the Board of Prison Directors. (*In re Heckman,* 90 Cal. App. 700 [266 Pac. 585].) In fact, it has been held that rules and regulations for the conduct of a paroled prisoner are rules and regulations of the prison. (*Matter of Stanton,* 169 Cal. 607 [147 Pac. 264].) Even though respondent was placed on parole to be delivered to the federal authorities for prosecution on a charge of violating the laws of the United States, he was nevertheless, so far as he was concerned, constructively a prisoner of the State of California until the expiration of his parole on June 18, 1942, subject only to such rights as the federal authorities might have and assert in conformity with the rule of comity existing between the federal and state sovereignties. Section 3040 of the Penal Code empowers the state Board of Prison Terms and Paroles to allow prisoners imprisoned in the state prison to go upon parole outside the prison walls and enclosures, while section 3056 of the same code places such parolees under the legal custody of the board and makes them subject at any time to be taken back within the enclosure of the prison. It therefore follows that in retaking respondent the board acted within its legal rights.

There can be no doubt but that at the time respondent was retaken by the California prison board he was under the

jurisdiction of the federal authorities, subject to their orders under the federal parole statutes; but only the federal authorities were entitled to complain if in their judgment the action of the California prison board amounted to an interference with the federal jurisdiction and constituted a violation of the rule of comity between the federal and state jurisdictions. The fact that respondent was subject to the terms of his federal parole does not exempt him from being retaken by the California prison authorities where no objection to such procedure is made by the federal government. The question of priority of jurisdiction is one of comity between the respective sovereignties, and is not one of personal right in respondent. (*United States* v. *Marrin,* 227 Fed. 314.) That the federal authorities did not urge their control over respondent under his federal parole, but by their silence impliedly at least acquiesced in the action taken by the state Board of Prison Terms and Paroles, is not a matter about which the parolee can complain. The United States could waive its right to the custody of the prisoner (*Cato* v. *Smith,* 104 F. (2d) 885), and such waiver may be evidenced, as in the instant case, by a failure to take some affirmative action or intervention, and by standing mute in the face of asserted jurisdiction by another sovereign. Where a person has violated the laws of two different sovereignties, it is for such interested sovereigns, and not the criminal, to settle which shall inflict the punishment, and by the same token, where a prisoner is on parole from two sovereigns, it is for the latter, and not the prisoner, to determine priority of jurisdiction over him in connection with such paroles. (*United States* v. *Farrell,* 87 F. (2d) 957.)

For the foregoing reasons, the order of the superior court discharging respondent on habeas corpus is reversed, and he is remanded to custody.

York, P. J., concurred.