[Crim. No. 2756.   Third Dist.   Oct. 8, 1957.]

THE PEOPLE, Respondent, v. MANUEL CONTRERAS, Appellant.

Robert J. Cook, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

WARNE, J. pro tem*—The appellant and his codefendant were charged with possession of narcotics, a violation of section 11500 of the Health and Safety Code. Appellant was also charged with a prior conviction of burglary and a prior conviction of a violation of section 11500 of the Health and Safety Code, a felony. Appellant admitted the two prior convictions. The case was tried by a jury and appellant was found guilty as charged. He has appealed from the judgment and a purported order denying a motion for a new trial. However, the record does not show that a motion for a new trial was made. At the time of arrest in the instant case, and for some time prior thereto, appellant had been on parole from prison and under the supervision of Parole Officer Edward Boulton.

Parole Officer Boulton had received reports from a reliable, confidential informant that the appellant was peddling narcotics and was also using them. For several days prior to September 19th, Inspector House of the State Division of Narcotic Enforcement also had received information from a reliable informant that defendant had been using and selling narcotics, namely, heroin, and that appellant had been making regular trips to Los Angeles for the purpose of obtaining large quantities of this narcotic. The record then shows that Boulton contacted the narcotic enforcement officers and some discussion followed which resulted in his request that the narcotic enforcement officers accompany him to arrest appellant. Accordingly, Mr. House instructed three of his deputies, Inspectors Best, Murphy and McHugh, to proceed to the defendant's apartment in the city of Sacramento with Boulton and arrest Contreras.

The three inspectors and Officer Boulton went to the above-mentioned address for the specific purpose of arresting the appellant for possession of narcotics and for violation of his parole. Upon arriving at the premises, Inspector Best ascer-

*Assigned by Chairman of Judicial Council.

tained from the manager that appellant was in his room. He then knocked at the front door of the apartment, stating his purpose, and upon receiving no answer, but hearing movement inside the apartment, went to the rear door. There was no response to Inspector Best's demand that he be permitted to enter and, upon hearing further noise which sounded as if someone were moving about in the apartment, he broke open the door and entered the room. The appellant, Contreras, was standing at the foot of the bed and defendant Ramos was in bed. The appellant was fully clothed and at his feet Officer Best recovered items which were introduced in evidence as People's Exhibit Number 1, consisting of a rubber container with a small amount of powder in it, a dripper, a piece of cellophane, several pieces of cotton, a hypodermic needle, a piece of tissue paper, and a bent spoon.

These items were shown to appellant, and he was asked if there were any more narcotics. The appellant replied, "No, that is all there is." Appellant's codefendant, Celia Ramos, testified that the items belonged to her. The objects recovered by Officer Best were turned over to a chemist who anaylzed them and testified that the powder in the container was heroin, and that the other items, including the bent spoon, contained traces of an unidentified opium alkaloid. While Celia Ramos testified that the items belonged to her, there is sufficient evidence to warrant the jury in finding that the items contained in People's Exhibit Number 1 were in the joint possession of both defendants.

The inspectors, upon further search of the room, also found some empty capsules similar to those commonly used by narcotic peddlers.

The defendant contends that the trial court erred in denying a motion to strike certain prejudicial testimony of the witness Best. During the course of the trial the prosecuting attorney asked the following questions of Officer Best, a witness called for the prosecution, and received the following answers: "Q. Had you ever arrested these defendants before? A. Yes sir. Q. Had you arrested both of them? A. Yes sir. Q. At different times, is that correct, sir? A. That is correct. Mr. Gibbert [appellant's attorney]: Your Honor, of course I believe that this line of questioning is out of order at the present time, but to make it in order we do intend to raise the issue of the legality of the entrance into the apartment. Mr. De Cristoforo (Interposing): That is the entire purpose of this, your Honor."

■ At this stage of the proceeding there followed a discussion between counsel and the court as to whether the matter should be pursued in the presence of the jury, resulting in the jury being excused until the court had determined the issue. It was not until then that an objection was made to the above questions or the motion to strike the answers was made. While these questions should not have been asked in the presence of the jury, we feel that the defendant, by failing to object at the time the evidence was offered, waived objection to its reception and that the court did not err in denying appellant's motion to strike. As stated in *People* v. *Caritativo*, 46 Cal.2d 68, 73 [292 P.2d 513]: "The rule is settled that where a defendant deliberately permits evidence to be given without objection in the first instance and then moves to strike it out on grounds readily available at the time the evidence was offered, he waives such objections to the reception of the evidence. (*People* v. *Long*, 43 Cal. 444, 446; *People* v. *Rolfe*, 61 Cal. 540, 542.)" Nor could appellant claim misconduct on the part of the prosecuting attorney for the same reason.

■ Lastly, appellant contends that the narcotics and paraphernalia were obtained by unlawful search and seizure and that it was error to admit them in evidence for that reason. There is no merit in this contention.

The evidence shows that the arresting officers went to the apartment occupied by these two defendants for the specific purpose of arresting Contreras for violation of parole and to arrest both parties for possession of narcotics. Parole Officer Boulton testified that he had received information from a reliable confidential informant that the appellant Contreras was peddling narcotics in the Sacramento area, and also was using them, or had returned to their use and that he first contacted the narcotic agents to learn if they had any information as to where Contreras could be located; that they had such information and indicated at that time they intended to arrest Contreras; that he asked them at that time if they would go out with him on the 18th of September. On the 18th he was unable to go with the narcotic agents, so he contacted them again on the 19th and asked them to be with him. He further testified that his purpose for going to the premises of the appellant was to arrest him for violation of parole, even though narcotics had not been discovered in the room. These facts clearly bring the case within the rule stated in *People* v. *Denne*, 141 Cal.App.2d 499 [297 P.2d 451]. In that case, defendant's principal contention was that prejudicial error

was committed by the trial court in permitting the introduction of evidence seized in the course of an unreasonable search of his premises of the character condemned in *People v. Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. Denne was convicted on two counts of violation of section 11500 of the Health and Safety Code (possession of marijuana and heroin) and was sent to state prison. He was released on parole subject to certain conditions. Some months later, Parole Officer Williams, learning that Denne had violated the conditions of his parole, went to defendant's home for the purpose of taking him into physical custody for such violation. Arriving at the apartment building in which the defendant lived and finding his quarters were dark, and not being able to obtain a key to the apartment, the parole officer, accompanied by officers, gained entrance through a rear window by inserting a screwdriver under the sill to raise the unfastened window. Another parole officer and a parolee named Haydis then returned to the front door and were admitted by Williams. They then undertook a search of each room of the apartment and found a package containing marijuana in a cabinet drawer in the kitchen. Later that night they went to defendant's place of employment and took him into custody. ■ The court held that a convicted prisoner on parole is not free from legal restraint by the penal authorities (*In re Marzec,* 25 Cal.2d 794, 797 [154 P.2d 873]) but " 'is constructively a prisoner of the state in the legal custody and under the control of the state board of prison directors.' (*In re Taylor,* 216 Cal. 113, 115 [13 P.2d 906] ; *In re Heckman,* 90 Cal.App. 700, 706 [266 P. 585].) '' The only difference in his status from that of other prisoners is that he is permitted to remain outside the prison walls, although he is still in custody. In the Denne case the court further held that the place of residence of a parolee may be entered and searched by prison officials or parole officers in the same manner as the search of a prisoner's cell and under the circumstances it could not be said that the search of the defendant's apartment by the parole officer was an unreasonable one.

■ In the instant case, defendant was violating the terms of his parole. Both Mr. Boulton, the parole officer, and the narcotic agents had received information that appellant was peddling narcotics and using them. It was Boulton's duty to keep a surveillance over appellant, who, in legal effect, was at the time in his custody as a prisoner and was subject at any time to be taken back to the prison. (Pen. Code, § 3056.)

Having reasonable cause to believe that appellant had violated the conditions of parole by engaging in narcotic traffic, the propriety of the search by the parole officer, in company with the narcotic agents, of appellant's apartment cannot be gainsaid. (*People* v. *Denne, supra.*)

It is argued by appellant that even though the appellant was *in custodia legis* and was subject to arrest by the parole officer if he had violated any of the conditions of his parole, Parole Officer Boulton's presence at the time of appellant's arrest was a subterfuge and an attempt on the part of the narcotic officers to make an unlawful search and seizure. In making this assertion appellant overlooks the testimony of Boulton that he asked the narcotic agents to be with him, and that he went to appellant's apartment with them with the purpose of arresting Contreras.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 7, 1957.